# GARY ALLEN NELSON, Appellant, v. THE STATE OF NEVADA, Respondent.

## No. 10778

April 9, 1980                            609 P.2d 717

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Richard Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Edwin T. Basl,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MOWBRAY, C. J.:

A jury found Gary Allen Nelson guilty of burglary and grand larceny. He seeks reversal, contending, among other things, that the State's case was substantially based upon the fruits of a constitutionally impermissible search and seizure. We agree.

Nelson was charged, by information, with burglary and grand larceny. Nelson's pretrial motion to suppress evidence, discovered as a result of police officers' warrantless intrusion into the apartment of Jackie Rebori, *aka* Laura Goldberger, was denied by the district court with leave to renew the motion at trial. *See* NRS 179.085(1) and (3). At trial, the court denied the renewed motion, concluding that Nelson had standing to suppress the challenging evidence, that Rebori had not consented to the officers' entry into her apartment, and that the warrantless intrusion and subsequent search were justified under the "emergency doctrine": the police had reasonably believed that an unattended, three year old child was inside the apartment in question. The sole issue before this Court is the propriety of this last conclusion.[1] The relevant facts follow.

On July 29, 1977, Reno police officers were summoned to a Weisfield's Jewelers where they observed a broken display window, two watches lying on the ground, and a trail of blood leading to the parking lot. The police were informed that a quantity of watches, valued at $1,250, was missing. Upon receiving a radio report of a man seeking medical attention for a lacerated hand at the Washoe Medical Center emergency room, the police set out to investigate.

At the hospital, the police spoke with Nelson, the individual with the lacerated hand, and with his companion, Jackie Rebori. Nelson told the officers that he had cut his hand on a broken vase at Rebori's apartment following a heated argument. The police then advised the pair of their rights, and asked to see the broken vase. After Nelson, Rebori, and the police met outside Rebori's apartment, Rebori denied the

---

[1] The State does not contest the validity of the court's first two conclusions.

police permission to search her home, stating that her three year old child would be frightened by the police. Rebori stated that the pieces of the vase had been collected and thrown away. The officers then asked Rebori to show them the garbage bin containing the vase's remnants. She responded that she was unable to do so because a friend had done the actual cleaning. Again, Rebori refused to allow the police to search her home. Because of this refusal to consent to a warrantless search, Officer Quest arrested Nelson and Rebori for "suspicion of burglary."

Quest then searched through Rebori's purse and coat pockets until he located the keys to her apartment. Using these keys, Officer Torres and Sergeant Walsh entered the apartment without knocking or announcing their lawful authority and purpose.[2] Torres walked straight through the apartment to the bedroom, discovered the three year old child and a sleeping "male subject," and left to inform his fellow officers that the child was not in any danger. At some time, not apparent from the record before us, Walsh discovered various watches and boxes in the kitchen.[3] The police, utilizing this information, obtained a search warrant to seize the watches which they, in effect, had already seized.

At trial, the State made use of the evidence discovered at the Rebori apartment, its derivative fruits, and the testimony adduced at the suppression hearing. The jury found Nelson guilty of burglary and grand larceny. This appeal, focusing on the reasonableness of the warrantless entry into the Rebori apartment, followed.

At the outset, we emphasize the cardinal principle of search and seizure law: searches conducted outside the judicial process, without prior approval by magistrate or judge, are *per se* unreasonable—under both the Nevada and United States constitutions—subject only to "specifically established and well-delineated exceptions." State v. Hardin, 90 Nev. 10, 13, 518

---

[2] Because of our disposition here, we need not decide whether the officers' failure to comply with Nevada's "knock/notice" requirements, *see* NRS 179.055, rendered the ensuing entry and search unlawful.

[3] Though Sgt. Walsh did not testify below, we note that the State does have the burden of demonstrating that Walsh's warrantless seizure of the watches was constitutionally reasonable. Because we find the entry itself to be unreasonable, we do not decide whether the observations of other officers may be imputed to Walsh. *Compare* Schmitt v. State, 88 Nev. 320, 326 n. 5, 497 P.2d 891, 894–95 n. 5 (1972) *with* Mears v. State, 83 Nev. 3, 11–12, 422 P.2d 230, 235 (1967).

P.2d 151, 153 (1974), *quoting* Katz v. United States, 389 U.S. 347, 357 (1967); *see* Nev. Const., art. 1, sec. 18; U.S. Const., amend. IV. The State suggests, and the district court concluded, that the "emergency" exception is applicable to the instant case: the warrantless entry into the Rebori apartment was justified by the police officers' belief that an unattended, three year old child was in the apartment, *see* Banks v. State, 94 Nev. 90, 575 P.2d 592 (1978); Geary v. State, 91 Nev. 784, 544 P.2d 417 (1975). We simply cannot agree.

It is true beyond cavil that police officers of this state are charged with a duty to protect unattended children. NRS 200.501. However, when that duty is asserted as an exception to our citizens' constitutional right to be secure in their homes, to be free from unreasonable searches and seizures, then this Court, on review, must be careful not to permit the exception to swallow the rule: in the absence of a showing, by the State, of a *true necessity*—that is, an imminent and substantial threat to life, health, or property—the constitutionally guaranteed right to privacy must prevail. People v. Smith, 496 P.2d 1261, 1263 (Cal. 1972).

In the instant case, the State has not demonstrated that a true emergency situation existed. The sole reason that the child whom the police believed to be in Rebori's apartment was unattended was that the police, without a warrant and without probable cause, had just arrested Rebori herself. The police may not, by such conduct, create the emergency situation which they advance as the predicate for their warrantless entry.

While the police may well have had reason to suspect Rebori, and, thus, reason to continue their investigation of her, *see* NRS 171.123, they did not have probable cause to arrest her, *see* NRS 171.1231; NRS 171.124; *see generally* Henry v. United States, 361 U.S. 98, 104 (1959). Indeed, the arresting officer testified that he arrested Rebori for "suspicion of burglary" simply because she would not consent to a warrantless search of her home. A citizen's assertion of her constitutional rights may not be deemed tantamount to a reasonable belief that she had committed a felony. Nor can we say that probable cause may be based upon mere suspicion, *see* People v. Saars, 584 P.2d 622 (Colo. 1978). The arresting officers were not aware of facts and circumstances which would warrant a reasonably prudent person to believe that Rebori had committed a felony. NRS 171.124; *see* Whitley v. State, 79 Nev. 406, 386 P.2d 93 (1963).

In sum, the State has not demonstrated that the warrantless intrusion into the Rebori apartment falls within one of the "well-established exceptions" to the warrant requirement. We conclude, therefore, that the district court erred in denying appellant's motion to suppress the evidence and derivative fruits resulting from the warrantless search of the Rebori apartment. Since the State made substantial use of the improperly admitted evidence, we cannot say that any error was harmless beyond a reasonable doubt. *See* Chapman v. California, 386 U.S. 18, 24 (1967).

Accordingly, we reverse the district court's judgment of conviction and remand the cause for proceedings not inconsistent with this opinion. Because of our holding, we do not reach appellant's other contentions concerning the permissible scope and use of cross-examination at a suppression hearing.

THOMPSON, GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.