ANTHONY PHILLIPS AND MICHAEL PERRY, APPEL-
LANTS, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 20527

November 28, 1990                    801 P.2d 1363

*Rick Lawton*, Public Defender, Churchill County, for Appellant Phillips.

*John R. S. McCormick,* Fallon, for Appellant Perry.

*Kevin Pasquale,* District Attorney, *Robert V. Bogan,* Deputy District Attorney, Churchill County, for Respondent.

## OPINION

*Per Curiam:*

On November 6, 1987, officers from the Churchill County Sheriff's Department initiated a surveillance at the Chapparal Bar to determine if juveniles were attending or participating in a wet-tee-shirt contest. Corporal Mike Kolsch (Kolsch), one of the

investigating officers, testified that in the bar there were thirty individuals watching females clothed in bikini-type pants and see-through, white tee-shirts on a stage in the bar. Kolsch observed appellants leaving the bar. Undersheriff Nelson told Kolsch that appellants were entering apartment No. 3 in a hotel behind the bar. Kolsch was interested in appellants as potential witnesses to or participants in the wet-tee-shirt contest. Kolsch thus went to the apartment in order to talk about the show in the bar.

Kolsch, together with Undersheriff Nelson, approached the apartment. At trial, Kolsch testified that the following sequence of events occurred: Kolsch knocked on the door and Michael Perry opened it. Kolsch showed Perry his identification and informed Perry that he was an investigator with the Churchill County Sheriff's Department. While speaking with Perry, Kolsch observed Anthony Phillips partially behind the bathroom door, his hands out of sight. Kolsch then heard a metallic clicking sound coming from the area where Phillips was standing. Kolsch thought the noise to be the sound of the slide action of an automatic pistol being prepared for use. Kolsch further stated that he ordered Phillips to remove his hands and drop what was in his hands but Phillips did not respond. Kolsch further added that when Phillips did not respond Kolsch drew his service revolver and ordered Phillips to drop what was in his hands. When Phillips again did not respond, Kolsch covered the distance between him and Phillips and knocked the object from his hands. A crushed Seven-Up can fell out of Phillips' hands.

As Kolsch escorted Phillips out of the room to speak with Perry, Kolsch observed, on the bed, a clear piece of glass with a white crystalline substance on it. Kolsch also noticed a white powdery substance in appellants' nasal cavities and noticed that their speech was slurred. This led Kolsch to place both appellants under arrest for possession of a controlled substance. After placing appellants under arrest, an officer was assigned to stand by the door of the apartment. Meanwhile, Kolsch obtained a search warrant and a seizure order, reentered the apartment, and seized the piece of glass and the white powdery substance that he had previously discovered on the bed. Appellants were given a urinalysis, which showed cocaine residue in their systems.

Appellants were charged with possession and unlawful use of a controlled substance. Before trial, appellants filed a motion to suppress the evidence seized from the apartment on the ground that it was the product of an unlawful entry by the Churchill County Sheriff's Department. The court denied appellants' motion concluding that, ''This court does find that the officer acted reasonably under the circumstances, and the court does find

that exigent circumstances did exist." Following a jury trial, Perry was sentenced to three years on the first count and two years on the second count. Phillips was sentenced to two years on each count. This appeal followed.

On appeal, appellants contend that the initial police entry into their apartment was unlawful because the police did not have a warrant, appellants were not suspected of committing a crime, and there were no exigent circumstances justifying the police intrusion. Appellants also contend that because the entry was unlawful, the plain-view doctrine does not support the admission of the discovered evidence at trial. We agree.

When the United States Supreme Court established the exclusionary rule for federal courts in Weeks v. United States, 232 U.S. 383 (1914), it stated:

> The effect of the Fourth Amendment is to put the courts of the United States and Federal officials, in the exercise of their power and authority, under limitations and restraints as to the exercise of such power and authority, and to forever secure the people, their persons, houses, papers and effects against all unreasonable searches and seizures under the guise of law. This protection reaches all alike, whether accused of crime or not.

Id. at 391-392. Sixty-six years later, this court, in Nelson v. State, 96 Nev. 363, 365, 609 P.2d 717, 718 (1980), adhered to the spirit and reasoning of Weeks when it stated: "We emphasize the cardinal principal of search and seizure law: searches conducted outside the judicial process, without prior approval by magistrate or judge, are per se unreasonable."

In Nelson, we also explained the exigent circumstances exception: "In the absence of a showing, by the State, of a true necessity—that is, an imminent and substantial threat to life, health, or property—the constitutionally guaranteed right to privacy must prevail." Id. at 366, 609 P.2d at 719 (quoting People v. Smith, 496 P.2d 1261, 1263 (Cal. 1972)). We also recognized that the state bears the burden of showing that the exigencies of the situation required intrusion without a warrant. State v. Hardin, 90 Nev. 10, 13, 518 P.2d 151, 153 (1974).

Here, the state contends that Kolsch's belief that the crushing of a Seven-Up can was the sound of an automatic weapon was enough to constitute exigent circumstances. Accepting the state's assertion would be to do exactly what Nelson warns against. When considering "our citizens' constitutional right to be secure in their homes, to be free from unreasonable searches and seizures, then this Court, on review, must be careful not to permit

*the exception to swallow the rule."* *Nelson,* 96 Nev. at 366, 609 P.2d at 719 (citation omitted) (emphasis added). At trial, not only did the state fail to meet its burden of showing exigent circumstances, it offered no evidence to suggest that Kolsch was faced with an emergency situation of any kind. The police were not in hot pursuit of either Phillips or Perry. Furthermore, neither Phillips nor Perry was known to be dangerous or was suspected of a crime. Kolsch himself testified that he knocked at the door of the apartment solely to talk to them about the wet-tee-shirt contest. Moreover, if Kolsch really feared for his safety it is unlikely that he would have entered an apartment in this manner if he believed that an automatic weapon was being readied to fire. Thus, Kolsch's claimed fear that Phillips or Perry posed a danger for Kolsch's safety was unreasonable. There are no exigent circumstances here, reasonably perceived or otherwise.

We therefore conclude that the district court erred when it denied appellants' motion to suppress the evidence seized from the apartment on the ground that it was discovered as a result of unlawful entry by officers from the Churchill County Sheriff's Department. Accordingly, we reverse appellants' convictions.

We have fully examined appellants' remaining issue concerning the proposed jury instruction and conclude that it is without merit.