922 P.2d 426

STATE of Idaho, Plaintiff–Respondent,

v.

Richard VASQUEZ, Defendant–Appellant.

No. 21954.

Court of Appeals of Idaho.

Aug. 28, 1996.

Van G. Bishop, Canyon County Public Defender; Phillip B. Heersink, Deputy Public Defender (argued), Nampa, for appellant.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General (argued), Boise, for respondent.

LANSING, Judge.

Richard Vasquez entered conditional pleas of guilty to possession of heroin with intent to deliver and possession of methamphetamine. As part of his plea, Vasquez expressly reserved the right to appeal the district court's denial of a motion to suppress evidence found in Vasquez's possession following police officers' warrantless entry into a residence in which Vasquez was a visitor. We conclude that Vasquez did not have a reasonable expectation of privacy in the residence and that his Fourth Amendment rights therefore were not violated. Accordingly, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

The facts that are relevant to Vasquez's motion to suppress are essentially undisputed. On July 7, 1994, Nampa police officers sent a confidential informant to a Nampa apartment to make a controlled purchase of heroin. The informant was fitted with a body transmitter and was given money to make the purchase. After making the controlled purchase, the informant met with the police officers at a prearranged location where the substance that the informant had purchased was field-tested and determined to

be heroin. The informant did not know the name of the person who had sold him the heroin, but was able to give a description of the seller. He also indicated that there were other persons in the apartment. The officers returned to the apartment less than five minutes after the heroin sale occurred and observed people coming to and going from the apartment. This activity, along with the information given by the informant, raised concern among the officers that the seller might leave the premises, making an arrest of the seller and recovery of the buy money more difficult or impossible. The officers then approached the apartment with the intention of making a felony arrest.

Vasquez had entered the apartment about five minutes before the police arrived. He was not an owner or resident of the apartment or an overnight guest. When one of the officers knocked on the back door of the apartment, a resident instructed Vasquez to let in whoever was knocking. When Vasquez opened the door, a police officer identified himself. Vasquez immediately attempted to shut the door, but the police officer pushed the door open and entered the apartment. He was followed by other officers. Vasquez turned and ran further into the residence.

Upon entering the apartment, the officers saw two piles of money on a table as well as items of drug paraphernalia. The police officers arrested a man fitting the informant's description of the seller. They also arrested everyone else on the premises for violation of I.C. § 37–2732(d), which makes it unlawful for a person "to be present at or on premises of any place where he knows illegal controlled substances are being manufactured or cultivated, or are being held for distribution, transportation, delivery, administration, use, or to be given away." Following their arrest of Vasquez, the police officers searched him and found that he was carrying twelve individually wrapped packages containing a total of 1.8 grams of tar heroin rocks and some methamphetamine.

Vasquez was charged with possession of heroin with intent to deliver, I.C. § 37–

2732(a), and possession of methamphetamine, I.C. § 37–2732(c). He entered pleas of not guilty. Vasquez then filed a motion to suppress the evidence obtained as a result of his arrest, interrogation, and search, claiming that his constitutional rights against illegal searches and seizures had been violated when the police officers entered the residence without a warrant. In response, the prosecutor argued that, as a short-term visitor, Vasquez had no privacy interest in the apartment that was violated by the officers' actions. The prosecutor also contended that the officers' forcible warrantless entry of the apartment was necessitated by exigent circumstances. The district court denied the suppression motion, finding that exigent circumstances justified the officers' actions. In light of the district court's ruling, Vasquez entered conditional pleas of guilty, reserving the right to appeal the denial of his suppression motion.

## ANALYSIS

In the present case, Vasquez contends that his Fourth Amendment rights were violated when the officers, without a warrant, entered the residence in which he was briefly a visitor. Vasquez asserts that the officers' discovery of controlled substances on him and statements he made during interrogation were a direct result of the unlawful entry and that the evidence therefore must be suppressed as constitutionally tainted products of the impermissible entry into the apartment.[1] *See Wong Sun v. United States*, 371 U.S. 471, 484–85, 83 S.Ct. 407, 415–16, 9 L.Ed.2d 441 (1963); *State v. Curl*, 125 Idaho 224, 227, 869 P.2d 224, 227 (1993).

In evaluating a denial of a motion to suppress the proper standard of review is one of deference to factual findings of the trial court unless they are clearly erroneous, while giving free review to the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *State v. Pick*, 124 Idaho 601, 603, 861 P.2d 1266, 1268 (Ct.App.1993); *State v. Hein-*

---

1. Vasquez does not challenge the lawfulness of the search of his person as a search incident to his arrest for violation of I.C. § 37–2732(d) if the officers' preceding entry into the apartment met constitutional standards.

*en,* 114 Idaho 656, 658, 759 P.2d 947, 949 (Ct.App.1988). The determination of what is reasonable, in a search and seizure context, is a question of law over which we exercise free review. *State v. McIntee,* 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct.App.1993); *Heinen,* 114 Idaho at 658, 759 P.2d at 949.

■■■ The Fourth Amendment's guarantee of "the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures," protects against governmental intrusion upon an individual's reasonable expectations of privacy. *Oliver v. United States,* 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984); *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The Fourth Amendment's protection is a personal right which may be enforced by the exclusion of illegally acquired evidence only at the behest of one whose rights were infringed by an improper government intrusion. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). A warrantless police entry into a private residence is presumptively violative of the Fourth Amendment. *Welsh v. Wisconsin,* 466 U.S. 740, 748–49, 104 S.Ct. 2091, 2096–97, 80 L.Ed.2d 732 (1984); *Payton v. New York,* 445 U.S. 573, 586, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980); *Curl,* 125 Idaho at 225, 869 P.2d at 225. However, an unjustified warrantless entry of a residence violates Fourth Amendment rights only of those persons who have a legitimate expectation of privacy in the premises. *Rakas v. Illinois, supra.* The burden of demonstrating a legitimate expectation of privacy rests on the defendant. *Rawlings v. Kentucky,* 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980).

The United States Supreme Court's decision in *Rakas* established that merely being present within the searched premises is, standing alone, insufficient to invoke the protection of the Fourth Amendment. In *Rakas* the Court held that the search of an automobile did not infringe the Fourth Amendment rights of passengers who asserted no ownership or possessory interest in the automobile. The Court rejected the rule, previously adopted in *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), that an individual could demonstrate a legitimate expectation of privacy solely by virtue of being "legitimately on the premises." *Rakas,* 439 U.S. at 143–45, 99 S.Ct. at 430–31. The Supreme Court stated, albeit in dicta, that "a casual visitor who walks into a house one minute before a search of the house commences and leaves one minute after the search ends" would have "absolutely no interest or legitimate expectation of privacy" in the house. *Rakas,* 439 U.S. at 142, 99 S.Ct. at 430. Subsequently, in *Minnesota v. Olson,* 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990), the Supreme Court held that an overnight guest does possess a legitimate expectation of privacy in the host's home. However, the Court did not depart from the premise expressed in *Rakas* that, for Fourth Amendment purposes, one who has no ownership or possessory interest and is not a resident but who is merely paying a brief, casual visit, has no reasonable expectation of privacy in a residence.

■■■ In this case, Vasquez was not an owner or renter of the apartment and he was not an overnight guest. His status as a casual visitor did not accord him a reasonable expectation of privacy in the apartment. Therefore, the entry by the Nampa police, even if not constitutionally justified, did not violate Vasquez's Fourth Amendment rights. This conclusion makes it unnecessary to address the district court's determination that exigent circumstances justified the police officers' actions.

■■■ Vasquez argues that even if the Fourth Amendment does not afford him protection from this police activity, Article I, § 17 of the Idaho Constitution should be interpreted to provide protection under these circumstances. We will not consider this argument, however, because Vasquez did not present it to the trial court. It is a longstanding rule that issues not raised in the lower court will not be reviewed upon appeal. Although Vasquez's suppression motion cited both the United States and Idaho constitutions, his argument to the trial court was based upon the Fourth Amendment. He did not at any point argue that the Idaho constitution extended greater protection than that afforded by the federal constitution. There-

fore, the issue that Vasquez now attempts to present was not preserved for appellate review. *See State v. Wheaton,* 121 Idaho 404, 407, 825 P.2d 501, 504 (1992).

## CONCLUSION

As a casual visitor, Vasquez did not have a reasonable expectation of privacy in the apartment that the police entered without a warrant. Therefore, his Fourth Amendment right to be free from unreasonable searches and seizures was not implicated, and the district court did not err in denying Vasquez's motion to suppress. The district court's order is affirmed.

WALTERS, C.J., and PERRY, J., concur.