963 P.2d 1211

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Thomas Edward KELLY, Defendant–Appellant.**

No. 23788.

Court of Appeals of Idaho.

Aug. 17, 1998.

Finney & Finney, Sandpoint, for Appellant. John A. Finney argued.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for Respondent. Catherine O. Derden argued.

LANSING, Chief Judge.

This is an appeal from the district court's denial of a motion to suppress evidence obtained by a law enforcement officer following his warrantless entry into the defendant's residence. The district court found the entry to be justified by exigent circumstances. Because we conclude that an officer may not rely on avoidable exigent circumstances of his own creation to justify a warrantless entry, we reverse the decision of the district court and suppress the evidence obtained as a result of the entry.

## FACTS

At approximately 1:30 a.m. on December 9, 1996, Officer Bill Bitton of the Priest River Police Department was called to a residence to investigate a possible arson. When he arrived, Bitton discovered that there had been a fire in a tool shed that was located approximately 45 feet from the house. The shed was only slightly charred and was no longer burning, but a container of what smelled like gasoline, which was situated near the shed, was still ablaze. The homeowner told Officer Bitton that it was possible that a man named "Jason Kelly" was responsible for starting the fire. Shortly thereafter, Officer Bitton discovered footprints in the snow leading away from the fire scene. He followed the footprints to a nearby house. Once there, Bitton covertly looked into the darkened residence through windows in the front door. From that position, he saw a man standing in the living room wearing a winter coat and hat. Officer Bitton then knocked on the door. The man inside, who initially had his back to the door, glanced at the officer and then turned and walked further into the house. Bitton knocked again, and this time the knock was answered by a woman. She appeared to be confused when Officer Bitton asked if "Jason Kelly" lived in the house. Without answering Officer Bitton's inquiry, the woman turned and walked back into the house. Officer Bitton followed and shortly thereafter discovered the defendant, Thomas Edward Kelly, in a bedroom. Bitton questioned Kelly about his activities that morning and, after receiving two contradictory stories, conducted a pat down search

of Kelly. The search revealed that one of Kelly's coat sleeves was soaked with gasoline. It also revealed that Kelly was carrying a spout from a gas can and a marijuana pipe in his coat pocket. Based on these discoveries, Kelly was arrested and was ultimately charged with arson in the third degree. I.C. § 18–804.

Kelly filed a motion to suppress all of the evidence discovered as a result of the warrantless entry into his home. At the hearing Officer Bitton offered no explanation for his election not to seek a warrant. The prosecutor argued, however, that the entry had been made with consent and, alternatively, was justified by exigent circumstances. The district court found that there had been no consent, and that finding is not challenged on appeal. The district court upheld the entry, however, on the ground that it was justified by exigent circumstances. Kelly thereafter entered a conditional plea of guilty to third degree arson, I.C. § 18–804, and was sentenced to serve a unified four-year prison term with two years determinate. As part of his plea, Kelly reserved the right to bring this appeal challenging the district court's denial of his motion to suppress.

## ANALYSIS

■ In reviewing a trial court's disposition of a suppression motion, our standard of review is one of deference to the factual findings of the trial court unless they are clearly erroneous, while giving free review to the trial court's determination as to whether constitutional standards have been met in light of the facts found. *State v. Curl,* 125 Idaho 224, 227, 869 P.2d 224, 227 (1993); *State v. Vasquez,* 129 Idaho 129, 130, 922 P.2d 426, 427 (Ct.App.1996); *State v. Pick,* 124 Idaho 601, 603, 861 P.2d 1266, 1268 (Ct. App.1993). No factual issues were presented by Kelly's motion, and therefore we independently determine whether the uncontroverted facts show exigent circumstances that justified Officer Bitton in bypassing the warrant requirement.

In *Welsh v. Wisconsin,* 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984), the United States Supreme Court addressed the question of when a police officer's warrantless

entry into a private citizen's residence is justified. The Court stated:

> It is axiomatic that the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." And a principal protection against unnecessary intrusions into private dwellings is the warrant requirement imposed by the Fourth Amendment on agents of the government who seek to enter the home for purposes of search or arrest. It is not surprising, therefore, that the Court has recognized, as "a 'basic principle of Fourth Amendment law[,]' that searches and seizures inside a home without a warrant are presumptively unreasonable."

*Id.* at 748–49, 104 S.Ct. 2091 (citations omitted). As the Idaho Supreme Court indicated in *Curl, supra,* "[t]his presumption is a strong one," and the government bears a "heavy burden" to show an exigent circumstance that necessitated immediate police action. *Id.* at 225, 869 P.2d at 225. The determinative inquiry is "whether the facts reveal 'a compelling need for official action and no time to secure a warrant.'" *State v. Wren,* 115 Idaho 618, 624, 768 P.2d 1351, 1357 (Ct.App.1989) (quoting *Michigan v. Tyler,* 436 U.S. 499, 509, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978)). *See also Curl,* 125 Idaho at 227, 869 P.2d at 227; *State v. Sailas,* 129 Idaho 432, 434, 925 P.2d 1131, 1133 (Ct. App.1996). Circumstances that have been held to constitute an exigency include *imminent* risk of injury to persons or property, destruction of evidence or escape of a suspect. *Wren,* 115 Idaho at 624–25, 768 P.2d at 1357–58. WAYNE R. LaFAVE, 3 SEARCH AND SEIZURE, § 6.1(f) 274–277 (3d ed.1996).

▆▆▆ The State urges that Officer Bitton's warrantless entry into Kelly's residence was necessary both to prevent Kelly's escape and to avoid the destruction or loss of physical evidence linking Kelly to the arson. We find the State's argument untenable, however, because any exigency that arose here was of Officer Bitton's own making. There was no threat of immediate destruction of evidence or flight by a suspect until Officer Bitton knocked on the front door of the residence, thereby alerting Kelly to the officer's presence. Until then, Officer Bitton could have retreated undetected and could have obtained a search warrant [1] without fear that the suspect would be prompted to flee or to destroy valuable evidence.

Many other courts have held that a warrantless entry will not be justified by a police-created exigency, at least where the police conduct was unnecessary in view of available alternatives. For example, in *United States v. Timberlake,* 896 F.2d 592 (D.C.Cir.1990), the court considered the warrantless entry into an apartment that officers believed contained drugs. The officers were out of uniform and were disguised to look like potential drug purchasers. Although the officers had been observed standing in the apartment building hallway by persons who later entered the apartment, the court noted that there was no reason to believe their presence would have prompted the apartment occupants to destroy evidence until the officers knocked on the door and loudly announced, "Police, open the door." The court held that the exigency was manufactured by the officers' identification of themselves as policemen and therefore did not validate their warrantless entry. Similarly, the Nevada Supreme Court in *Nelson v. State,* 96 Nev. 363, 609 P.2d 717 (1980), held that "[t]he police may not ... create the emergency situation which they advance as the predicate for their warrantless entry." *Id.* 609 P.2d at 719. In that case, police officers entered a private residence based on their belief that a three-year-old child was left in the home unattended. The Nevada high court found that this "emergency" could not justify the warrantless entry because the police, by arresting the child's mother without probable cause, had created the crisis situation. And in *United States v. Munoz–Guerra,* 788 F.2d 295, 297–98 (5th Cir.1986), the court held that a warrantless entry was not justified when police unnecessarily created

---

1. It is debatable whether the information known to the officer at that point added up to probable cause for a search warrant. If it did not, further investigation to determine why the victim suspected "Jason Kelly" and whether a man named Kelly lived at this residence almost certainly would have yielded probable cause.

the exigency by alerting defendants to their presence. *See also United States v. Rosselli,* 506 F.2d 627 (7th Cir.1974) (indicating that police officers could not rely on exigent circumstances to justify a warrantless entry when they were in a position to prevent the exigent circumstances from occurring); *United States v. Johnson,* 12 F.3d 760 (8th Cir.1993) (holding exigent circumstance exception did not apply where, before making a controlled delivery of a package, postal inspectors had substituted another substance for cocaine base and placed a transmitter in a package, thereby greatly increasing the risk that evidence would be destroyed when the recipient opened the package and found that it had been altered); *United States v. Curran,* 498 F.2d 30, 34 (9th Cir.1974) (stating that "[i]f an exigency arises because of unreasonable and deliberate delay by officers, it is not an exigent circumstance capable of dispensing with the requirement of a warrant."); *People v. Lott,* 102 A.D.2d 506, 478 N.Y.S.2d 193, 197 (1984) (holding that "police cannot by their own conduct create an appearance of exigency."); *State v. Beavers,* 859 P.2d 9, 18 (Utah Ct.App.1993) (stating that "police cannot create the exigency in order to justify a warrantless entry.").

Absent Officer Bitton's knock on the door, the circumstances gave no reason to believe that a pause to honor the warrant requirement would have created a greater risk than that which is present in most situations where police have probable cause for a search but wait to secure a warrant. Because the claimed exigency was readily avoidable and was produced by the police officer's own unnecessary action, it did not validate the warrantless entry. To rule otherwise would allow officers to nullify the warrant requirement by needlessly creating an exigency. As the court noted in *United States v. Aquino,* 836 F.2d 1268, 1272 (10th Cir.1988), even well-meaning police officers "may exploit such opportunities without sufficient regard for the privacy interests of the individuals involved."

Since the State has shown no applicable exception to the warrant requirement, Officer Bitton's entry of Kelly's residence was a violation of the Fourth Amendment. There-fore, all evidence derived from the entry must be suppressed. *Wong Sun v. United States,* 371 U.S. 471, 484–85, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Curl,* 125 Idaho at 227, 869 P.2d at 227.

### CONCLUSION

The district court's order denying Kelly's motion to suppress all of the evidence discovered as a result of Officer Bitton's warrantless entry into his home is reversed. The case is remanded to the district court for further proceedings.

BENGTSON, J. Pro Tem, concurs.

SCHWARTZMAN, Judge, concurring.

I concur with the result reached in this case, as well as with the general legal view that the police may not create their own "exigency" to justify or validate a warrantless entry into a private residence. I write to give a slightly different legal/factual perspective to the incident under review.

1. The officer's conduct was more than "reasonable" up until the point of entry into the home at 1:30 in the morning. He was in the process of continuing his investigation of a relatively minor arson incident, and I see nothing "constitutionally" wrong with knocking on the door, even at this awkward hour.

2. I believe the officer's entry was based upon his subjective, albeit erroneous, belief that he had *implied consent;* not that this was such a compelling exigency that he had to burst in to save life, limb or evidence. However, as this Court recently articulated in *State v. Abeyta,* —— Idaho ——, 963 P.2d 387 (Ct.App.1998): "There was no reasonable respectful citizen-trespasser exception to the warrant requirement for entry into a home!"

3. The threshold to the home is constitutionally sacrosanct, especially at 1:30 a.m. What the officer *should* have done was to have remained there and further clarified the issue of consent, perhaps by reidentifying himself in a loud voice and requesting the presence of the lady who had just responded, or the suspect for that matter. But once he crossed that threshold and continued his investigation inside the home, without consent,

he violated the principle articulated in *Abeyta,* without being able to purge that unlawful entry of the primary taint.

Accordingly, suppression of evidence must follow this unlawful entry into the sanctity of the home.