# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH JACK CALABRESE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67265



FILED

DEC 2 8 2016

ELIZABETHA. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a bench trial, of sexual assault of a child under the age of 14 years, lewdness with a child under the age of 14 years, and use of a minor in the production of pornography. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Following a bench trial, appellant Joseph Jack Calabrese appealed his judgment of conviction. We rejected his contentions except for his claim that the district court erred in denying his motion to suppress evidence obtained from a warrantless search of a digital camera. Concluding that the district court should have conducted an evidentiary hearing on the suppression motion and its failure to do so had precluded this court's meaningful review, we entered an order of reversal and remand and directed the district court to make factual findings and legal conclusions regarding the merits of Calabrese's suppression motion. *Calabrese v. State*, Docket No. 56593 (Order of Reversal and Remand, January 12, 2012). On remand, the district court conducted a three-day evidentiary hearing, made factual findings regarding the police officers' search, concluded that the search was reasonable and the resulting search warrant was valid, and ordered Calabrese's judgment of conviction reinstated. Calabrese appeals from the reinstated judgment of conviction.

16-40282

First, Calabrese argues that the district court should have held a new trial rather than an evidentiary hearing. In remanding the case, we relied on *State v. Rincon*, 122 Nev. 1170, 147 P.3d 233 (2008), emphasized that the district court's failure to hold an evidentiary hearing on the suppression motion compelled reversal and remand, and remanded for proceedings consistent with the order, rather than a new trial. In *Rincon*, we noted our direction to district courts to issue factual findings in ruling on suppression motions and remanded the case for the district court to conduct an evidentiary hearing and enter written findings of fact and conclusions of law. 122 Nev. at 1177, 147 P.3d at 238. Likewise here, the original proceedings lacked express findings regarding the merits of the suppression motion, and we conclude that the district court properly followed our mandate in conducting an evidentiary hearing on remand.

Second, Calabrese argues that the district court erred in denying his motion to suppress. The Fourth Amendment protects personal property from unreasonable searches. U.S. Const. amend. IV; *State v. Taylor*, 114 Nev. 1071, 1078, 968 P.2d 315, 321 (1998); *accord* Nev. Const. art. 1, § 18. "The touchstone of the Fourth Amendment is reasonableness." *Rincon*, 122 Nev. at 1175, 147 P.3d at 236 (internal quotation marks omitted). Whether a search was reasonable is determined by whether the officer's action was initially justified and whether the search was reasonably related in scope to the circumstances that justified the initial interference. *Gama v. State*, 112 Nev. 833, 837, 920 P.2d 1010, 1013 (1996). Evidence obtained through unreasonable searches should be suppressed. *See Phillips v. State*, 106 Nev. 763, 766, 801 P.2d 1363, 1365-66 (1990). Suppression motions present mixed questions of law and fact, and we review the district court's findings of fact

for clear error and the legal consequences of those facts de novo. *State v. Beckman*, 129 Nev., Adv. Op. 51, 305 P.3d 912, 916 (2013).

Having reviewed the record and determined that the testimony supports the district court's findings, we conclude that the district court did not clearly err in finding that Calabrese did not report that a camera had been stolen from him, the officer who conducted the search was told that the property belonged to one of the suspected robbers who was present, and the officer searched the camera to determine its ownership, and the officer found the photographic evidence of a potential crime by happenstance. Noting that officer testimony indicated that the officers did not search the camera further after discovering the incriminating photographs, we conclude that the officers' search of the camera was reasonable when (1) the search was justified when it commenced because the officers had a legitimate interest in determining the camera's ownership when it had no exterior markings and the circumstances strongly indicated that it was stolen property, (2) the scope of the search was limited to determining its ownership, and (3) the evidence of wrongdoing was discovered by happenstance.[1] *See United*

---

[1]Calabrese argues that the camera contained photographs of him that would have led officers to identify him as the owner of the camera without discovering the pornographic images. The record belies this claim, as no officer recalled seeing an image of Calabrese among the photographs in the initial search and the district court found the officer testimony credible. *See Rincon*, 122 Nev. at 1177, 147 P.3d at 238 (noting that trial court is best situated to assess witness credibility and its determinations will generally be followed). Likewise, his supposition that officers continued to search the camera after discovering the pornographic photographs is not supported by the record, as officers testified that they contacted sexual assault detectives on seeing the photographs and did not describe a continuing, more comprehensive search of its contents.

*States v. Sumlin*, 909 F.2d 1218, 1220 (8th Cir. 1990) (holding governmental interest in identifying owner of purse matching description of stolen purse justified officer search of purse for identification and outweighed owner's privacy interest in stolen purse);[2] *State v. Ching*, 678 P.2d 1088, 1092-93 (Haw. 1984) (holding that identification of owner of lost property outweighs state's other interests in searching lost property and police may validly search to extent necessary to identify owner). While we agree with Calabrese that he did not abandon the camera and relinquish his privacy interest entirely, *see Taylor*, 114 Nev. at 1078, 968 P.2d at 321 (holding that disclaimer of ownership necessary to abandon property must be express to deprive individual of standing), we disagree that his privacy interest outweighed the State's interest in identifying the camera's owner.

Having considered Calabrese's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Pickering                                      Stiglich

---

[2]Calabrese's argument that *Sumlin* is distinguishable is not dispositive, as the case provides useful guidance for the uncommon facts of the present case—namely, police search of apparently stolen property to identify its owner—and Calabrese offers no controlling case law compelling a different analysis.

cc: Hon. Michael Villani, District Judge
Drummond Law Firm
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A