**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45481**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 27, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JEREMY RAY WHEELER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order denying motion to suppress and judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Jeremy Ray Wheeler appeals from the district court's judgment of conviction. Wheeler argues the district court erred when it denied his motion to suppress. The order denying Wheeler's motion to suppress and the judgment of conviction are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In June 2014, several police officers responded to an anonymous tip that Wheeler, who had two outstanding warrants for his arrest, was at his father's apartment. The officers testified that when they arrived, Wheeler's father answered the door with his friend standing behind him. The officers thought the friend looked like Wheeler, so the officers had the friend step out into the hallway. After verifying the friend was not Wheeler, the officers let the friend leave. While the officers were at the doorway to the apartment, a neighbor yelled that Wheeler was in the

1

apartment. The officers asked Wheeler's father if Wheeler was in the apartment; Wheeler's father said yes and told them which room Wheeler was in. Wheeler's father consented to the officers' entry, who then found Wheeler in a bedroom. Incident to arresting Wheeler, the officers searched Wheeler and found a baggie of methamphetamine.

Wheeler's father testified he told the officers that only he and his friend were in the apartment. Wheeler's father also testified that he did not give the officers consent to enter his apartment, but the officers did so anyway after handcuffing Wheeler's father, searching him, and throwing him against a wall in the hallway. The officers testified that Wheeler's father gave consent for the officers to enter and search the apartment and that Wheeler's father was very cooperative. The officers then found Wheeler in the bedroom, arrested him, and discovered the baggie of methamphetamine during their search.

The State charged Wheeler with possession of a controlled substance, Idaho Code § 37-2732(c)(1), and as a persistent violator, I.C. § 19-2514. Wheeler moved to suppress the methamphetamine evidence, arguing it was obtained as the result of an unlawful search because his father did not give the officers consent to enter the apartment. The district court denied the motion on two grounds: (1) that Wheeler could not challenge the search because, as no more "than a casual visitor in his father's house," he did not have a reasonable expectation of privacy in the apartment; and (2) even if Wheeler could challenge the search, the search was lawful because Wheeler's father consented to the search--a conclusion the district court reached by crediting the State's version of the facts.

Wheeler entered a plea agreement, pleading guilty to possession of a controlled substance with a sentencing enhancement for a second drug offense. He received a unified sentence of seven years, with three years determinate, and the district court retained jurisdiction. Three months later, the district court relinquished jurisdiction. Wheeler appealed his sentence, but this Court affirmed his judgment of conviction. *State v. Wheeler*, No. 43567 (Ct. App. June 1, 2016) (unpublished). After an appeal of a post-conviction petition filed by Wheeler, Wheeler regained his right to appeal the district court's denial of his motion to suppress. Wheeler timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by

2

substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Although a warrantless entry or search of a residence is generally illegal and violative of the Fourth Amendment, such an entry or search may be rendered reasonable by an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The State must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993). The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003).

### III.

### ANALYSIS

Wheeler argues the district court erred when it denied his motion to suppress. He contends he had a reasonable expectation of privacy in his father's apartment such that he can validly challenge the search. He also contends his father did not consent to the officers entering his father's apartment and thus the officers conducted the search without a warrant. As a result, Wheeler claims the methamphetamine evidence was the result of an unlawful search and must be suppressed.

"A person challenging a search has the burden of showing that he or she had a legitimate expectation of privacy in the item or place searched." *State v. Pruss*, 145 Idaho 623, 626, 181 P.3d 1231, 1234 (2008). In order to do so, the person must show they had a subjective

3

expectation of privacy that society is willing to recognize as reasonable. *Id.* "[A]n overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not." *Minnesota v. Carter*, 525 U.S. 83, 90 (1998); *see also State v. Vasquez*, 129 Idaho 129, 131, 922 P.2d 426, 428 (Ct. App. 1996) ("His status as a casual visitor did not accord him a reasonable expectation of privacy in the apartment.").

Wheeler has not met his burden of showing he had a reasonable expectation of privacy in his father's apartment. There is no evidence that he was anything more than a "casual visitor" in his father's home, as the district court found. Wheeler makes no argument to the contrary. Thus, Wheeler does not have standing to challenge the search of his father's apartment.

However, even assuming Wheeler had a reasonable expectation of privacy in his father's apartment, the officers did not search the apartment unlawfully. After considering testimony from Wheeler, Wheeler's father, and the officers, the district court found that Wheeler's father voluntarily consented to the search of his apartment. In doing so, the district court made a credibility determination, finding Wheeler's father's testimony untruthful. The power to assess the credibility of witnesses is vested in the trial court. *Valdez-Molina*, 127 Idaho at 106, 897 P.2d at 997; *Schevers*, 132 Idaho at 789, 979 P.2d at 662. Because this factual finding is supported by substantial and competent, although conflicting, evidence we defer to the trial court's factual determination. Thus, we conclude Wheeler's father voluntarily consented to the search of his apartment.

## IV.
## CONCLUSION

Because Wheeler did not have a reasonable expectation of privacy in his father's apartment and because Wheeler's father consented to the officers' search of the apartment, Wheeler cannot challenge the search resulting in his arrest and the discovery of the methamphetamine evidence. Thus, the district court did not err when it denied Wheeler's motion to suppress. The order denying Wheeler's motion to suppress and judgment of conviction are affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.