THE STATE OF NEVADA, Appellant v. THOMAS JACOB HARNISCH, Respondent.

No. 27347

February 26, 1998                           954 P.2d 1180

*Frankie Sue Del Papa*, Attorney General, Carson City; *Stewart L. Bell*, District Attorney, and *James Tufteland*, Deputy District Attorney, Clark County, for Appellant.

*Kirk Kennedy*, Las Vegas, for Respondent.

---

[3]The Honorable A. William Maupin, Justice, did not participate in this decision.

## OPINION

*Per Curiam:*

Appellant State of Nevada has petitioned for rehearing of this court's opinion in State v. Harnisch, 113 Nev. 214, 931 P.2d 1359 (1997). The opinion affirmed the district court's order granting respondent Thomas Jacob Harnisch's motion to suppress evidence. Although we have concluded that rehearing is not warranted, we issue this opinion to clarify one point of law.

Harnisch was a suspect in the kidnapping and robbery of Stephanie Prather on September 12, 1994. The police obtained a valid search warrant of Harnisch's apartment unit. While the police were conducting the search, Harnisch arrived home in his vehicle which he parked in his designated parking space. He was arrested while the search of his apartment was still in effect. Upon completion of the search of Harnisch's residence, the police proceeded to search his automobile without a warrant or an attempt to obtain a warrant. In a suitcase in the trunk of the car, the officers found a telephone book containing the names and addresses of other suspects in the crime upon Prather.

On July 20, 1995, Harnisch filed a motion to suppress the evidence found in his car. The state opposed the motion, arguing that the car was within the curtilage of Harnisch's home and, therefore, the warrant encompassed the vehicle. The district court disagreed with the state's position and granted Harnisch's motion. The state appealed to this court, again asserting its "curtilage" argument.

On January 30, 1997, this court issued an opinion affirming the district court's order suppressing the evidence found in Harnisch's car. State v. Harnisch, 113 Nev. 214, 931 P.2d 1359 (1997). This court concluded that the car did not fall within the curtilage of Harnisch's apartment. *Id.* at 220-21, 931 P.2d at 1363-64. This court further determined, *sua sponte,* that a warrant was required to search the car and that no exception, includ-

ing the "automobile exception," applied. *Id.* at 222-23, 931 P.2d at 1365. Specifically, this court concluded:

> Additionally, the "automobile exception" to the warrant requirement does not apply in this case. For the automobile exception to apply, two conditions must be present: first, there must be probable cause to believe that criminal evidence was located in the vehicle; and *second, there must be exigent circumstances sufficient to dispense with the need for a warrant.* Carroll v. United States, 267 U.S. 132, 153-54 (1925). In the instant case, the first factor may have been satisfied but the second, as stated above, was not; the opportunity to search the car was not "fleeting" because the car was not readily movable by the defendant. *See* Chambers v. Maroney, 399 U.S. 42, 51-52 (1970).

*Id.* (emphasis added).

In its petition for rehearing, the state correctly indicates that federal law no longer requires the presence of exigent circumstances to justify a warrantless automobile search. The state cites at length numerous United States Supreme Court decisions clearly establishing that the Court no longer requires the exigent circumstance prong in order to search an automobile without a warrant. *E.g.*, Ornelas v. United States, 517 U.S. 690 (1996); California v. Acevedo, 500 U.S. 565 (1991); Michigan v. Thomas, 458 U.S. 259 (1982).

In Carroll v. United States, 267 U.S. 132, 158-59 (1925), the Supreme Court held that a search of an automobile without a warrant was permissible if (1) the police had probable cause to believe that evidence of a crime was present in the vehicle, and (2) exigent circumstances existed to believe the car would be removed from the area. However, the Court has since retreated from a strict application of the exigency requirement in vehicle searches and has emphasized that "pervasive schemes of regulation" giving rise to "reduced expectations of privacy, and the exigencies attendant to ready mobility justify searches without prior recourse to the authority of a magistrate *so long as the overriding standard of probable cause is met.*" California v. Carney, 471 U.S. 386, 392 (1985) (emphasis added); *see also* Barrios-Lomeli v. State, 113 Nev. 952, 944 P.2d 791 (1997) (acknowledging the Supreme Court's abandonment of the exigency requirement).

Even though this court did not correctly pronounce the present status of the federal constitutional law on this issue, "[i]t is elementary that States are free to provide greater protections in their criminal justice system than the Federal Constitution

requires." California v. Ramos, 463 U.S. 992, 1013-14 (1983). Therefore, while the federal constitution may not require the presence of exigent circumstances to validate a warrantless search of an automobile, Nevada may adhere to this requirement as some of our sister states have done.

In State v. Kock, 725 P.2d 1285, 1287 (Or. 1986), the Oregon Supreme Court concluded that its state constitution requires:

> [A]ny search of *an automobile that was parked, immobile and unoccupied* at the time the police first encountered it in connection with the investigation of a crime must be authorized by a warrant issued by a magistrate or, alternatively, the prosecution must demonstrate that *exigent circumstances other than the potential mobility of the automobile exist.*

(Emphasis added.) In addition, other states have concluded that their state constitutions require either a warrant to search a parked, immobile, unoccupied vehicle or a showing that probable cause and exigent circumstances exist to search the automobile without a warrant. *See, e.g.,* State v. Larocco, 794 P.2d 460, 469-70 (Utah 1990); State v. Patterson, 774 P.2d 10, 12 (Wash. 1989).

The state has the burden to prove the existence of exigent circumstances. Nelson v. State, 96 Nev. 363, 366, 609 P.2d 717, 719 (1980). Exigent circumstances may include medical emergencies if the police officers reasonably believe that a person on the premises is in need of immediate aid; imminent and substantial threats to life, health, or property; necessity to determine whether victims or suspects are on the premises; potential destruction of evidence; and concerns for the safety of the officers or the public. *See* State v. Miller, 630 A.2d 1315, 1326 (Conn. 1993); Alward v. State, 112 Nev. 141, 151, 912 P.2d 243, 250 (1996); *Nelson,* 96 Nev. at 366, 609 P.2d at 719.

Although states are free to interpret their own constitutional provisions without regard to analogous federal provisions, Michigan v. Long, 463 U.S. 1032, 1041 (1983), in the present case, our prior opinion relied solely on federal precedent to interpret the Fourth Amendment of the United States Constitution. We did not expressly interpret our state constitution in deciding whether probable cause and exigent circumstances are both necessary to validate a warrantless automobile search. *See* Nev. Const. art. 1, § 18.

We now conclude, however, that the Nevada Constitution requires both probable cause and exigent circumstances in order

to justify a warrantless search of a parked, immobile, unoccupied vehicle. Any other interpretation would be contrary to our state's strong public policy requiring police to obtain a warrant whenever feasible. Abandonment of the exigency requirement in Nevada would essentially eliminate any need for a warrant whenever a government agent wishes to search an immobile vehicle.

It is axiomatic that probable cause is necessary to obtain a warrant, *see* NRS 179.045, and this court has repeatedly stated that warrantless searches are *per se* unreasonable, subject only to specifically established and well-delineated exceptions. We have also observed that in evaluating the right of our citizens to be free from unreasonable searches and seizures, *"this Court, on review, must be careful not to permit the exception to swallow the rule."* Phillips v. State, 106 Nev. 763, 765-66, 801 P.2d 1363, 1365 (1990) (quoting *Nelson,* 96 Nev. at 366, 609 P.2d at 719 (citation omitted)). If we cast aside the exigency requirement from the automobile exception in situations such as the instant case, the probable cause warrant requirement would become virtually meaningless, and we would accomplish exactly what *Nelson* warns against; that is, we would permit the exception to swallow the rule.

Because no exigency was present here, *Harnisch,* 113 Nev. at 223, 931 P.2d at 1365, the warrantless search of Harnisch's car was not justified under the automobile exception to the warrant requirement.[1] Accordingly, we deny this petition.[2]

---

[1]Cause appearing, we grant the state's request to exceed the ten-page limit for petitions for rehearing. NRAP 40(b). We hereby direct the clerk of this court to file the state's petition and Harnisch's response to the petition. However, we deny the state's request for oral argument. NRAP 40(a).

[2]The Honorable A. William Maupin, Justice, did not participate in this decision.