AARON FLETCHER, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 30963

December 28, 1999 990 P.2d 192

*Kajioka, Christiansen & Toti,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, and *Christopher J. Laurent,* Deputy District Attorney, Clark County, for Respondent.

Before ROSE, C. J., SHEARING and BECKER, JJ.

## OPINION

*Per Curiam:*

### SUMMARY

On April 24, 1995, Yolanda Smith ("Smith") filed a criminal report with the Las Vegas Metropolitan Police Department alleging that she had been kidnapped and beaten by Aaron Fletcher ("Fletcher"). Smith also informed police of Fletcher's involvement in drug trafficking and described both Fletcher's protocol for selling drugs and the location of the drugs in the steering column of Fletcher's automobile. After a brief investigation, during which police attempted to purchase drugs from Fletcher, police pulled Fletcher's vehicle over and arrested him for the kidnapping and battery of Smith. During the arrest, police searched Fletcher's automobile pursuant to the information obtained from Smith and found bags of cocaine hidden behind the dashboard. At a pretrial hearing, Fletcher's motion to suppress this evidence was denied, and he was eventually convicted on the trafficking and battery charges in May 1997. Fletcher now appeals, claiming that the district court abused its discretion in denying his motion to suppress. We hold that the district court did not err in admitting the drug evidence, and accordingly affirm the judgment below.

## FACTS

At Fletcher's trial for kidnapping, battery, coercion, and drug trafficking, Smith testified that she had lived with Fletcher and had helped him sell drugs since March 1995. Smith then testified that on April 20, 1995, Smith, Fletcher, a friend of Fletcher's named Darryl, and another female engaged in the sale of drugs at a local motel, where Smith was to engage in prostitution and sell drugs from one of the motel rooms. Smith testified that at one point in the evening, Darryl began beating her for refusing to prostitute herself for Fletcher. Fletcher then allegedly joined in the beating and abuse of Smith, which involved kicking Smith repeatedly, forcing Smith to take a cold shower and stand in a closet for an hour, urinating on Smith, and forcing Smith to sleep under the bed mattress for the rest of the evening.

Four days after the incident, on April 24, 1995, Smith filed a criminal report with the Las Vegas Metropolitan Police Department recounting the incident and describing the method by which Fletcher sold drugs. Smith told Detective Victor Vigna ("Det. Vigna") that individuals wanting to purchase drugs could call Fletcher's pager number, input with their message the dollar amount of the drugs that they wanted to purchase, and then meet Fletcher, who would then deliver the drugs from his white Toyota Corolla. Smith also informed Det. Vigna that Fletcher hid the drugs in the steering column of the car.

On May 5, 1995, Det. Vigna attempted to purchase drugs from Fletcher using the protocol Smith had described. After paging Fletcher and arranging for a meeting, Det. Vigna met briefly with Fletcher outside of a grocery store, but Fletcher felt uncomfortable and told Det. Vigna that he did not want to sell him anything. Fletcher then left the scene.

At approximately midnight on May 11, 1995, Det. Vigna and other officers conducting surveillance on Fletcher observed him departing from work in his white Toyota Corolla and decided to arrest him for the kidnapping and battery of Smith. Because Smith had informed Det. Vigna that Fletcher often carried a gun, the police made a felony traffic stop, requiring Fletcher to exit the vehicle with his hands up and then to lie prone until police could secure the area.

After Fletcher was arrested for the kidnapping and battery charges, Detective Gawain Guedry ("Det. Guedry") and another officer who was accompanying Det. Vigna were ready to perform an inventory search of Fletcher's automobile. Before beginning the search, Det. Guedry was instructed by Det. Vigna to search for drugs in the steering column area, which had been identified by Smith as Fletcher's hiding spot. Lying on his back and reach-

ing behind the dash, Det. Guedry recovered two bags with a rock-like substance that was later identified as cocaine. Det. Guedry and the other officer then completed their inventory of the car.

On June 13, 1995, Fletcher was charged with the crimes of first degree kidnapping, battery with substantial bodily harm, coercion, and trafficking in a controlled substance.

On March 3, 1997, the district court heard Fletcher's motion to suppress the drug evidence obtained during the police search of Fletcher's vehicle. The district court denied Fletcher's motion, ruling that there was probable cause to arrest Fletcher on the trafficking charges that allowed the police to perform a warrantless search of Fletcher's automobile for the drugs. In the alternative, the district court found that the drug evidence was admissible as part of a proper inventory search or admissible under the doctrine of inevitable discovery.

At trial, Fletcher was found guilty of trafficking in a controlled substance and misdemeanor battery and was sentenced to six years for the trafficking charge and to a concurrent six months for the battery charge. Additionally, the district court ordered Fletcher to pay a $25.00 assessment fee and a $50,000.00 fine. Fletcher now appeals, claiming the district court abused its discretion in admitting the drug evidence seized from his vehicle.

## DISCUSSION

Fletcher contends that the district court erred in denying his motion to suppress the drug evidence seized by the police because it was obtained as part of a warrantless search that was not within any exception to the general warrant requirement.[1] We disagree with Fletcher's contention and hold that the evidence was lawfully obtained within the automobile exception to the general warrant requirement, and was therefore properly admitted by the district court.[2]

 █

This court recently had the opportunity to address the automobile exception to searches that require a search warrant in our decisions in State v. Harnisch, 113 Nev. 214, 931 P.2d 1359 (1997) (Harnisch I), State v. Harnisch, 114 Nev. 225, 954 P.2d 1180 (1998) (Harnisch II), and Barrios-Lomeli v. State, 113 Nev. 952, 944 P.2d 791 (1997). In *Harnisch I,* we held that a war-

---

[1]Additionally, Fletcher contends that there was insufficient evidence to sustain his conviction for battery. We have considered Fletcher's argument and conclude that it is without merit.

[2]Because we hold that the police search of Fletcher's vehicle was proper under the automobile exception, we decline to address the other alternative bases on which the district court relied.

rantless search of a parked, immobile, unoccupied automobile requires: (1) probable cause to believe that the vehicle contains contraband; and (2) exigent circumstances sufficient to dispense with the need for a warrant.[3] *See* 113 Nev. at 222-23, 931 P.2d at 1365. Further, it is clear that a variety of exigencies may exist that give rise to the proper dismissal of the warrant requirement—for example, medical emergencies; substantial threats to life, health, or property; safety concerns; and the necessity to determine whether victims or suspects are on the premises. *See Harnisch II,* 114 Nev. at 228, 954 P.2d at 1182.

In *Harnisch I,* police were executing a search warrant in Harnisch's apartment for evidence relating to a kidnapping and robbery charge when Harnisch arrived home in his automobile and parked in his designated space. *See* 113 Nev. at 218, 931 P.2d at 1362. After taking Harnisch into custody, the police conducted a warrantless search of the trunk of Harnisch's automobile, where they found a telephone book containing names and addresses of other individuals who later became suspects. *See id.* In analyzing whether the automobile exception applied, this court held that although there may have been probable cause to believe criminal evidence was in the vehicle, there were no exigent circumstances sufficient to dispense with the need for a separate warrant because the opportunity to search the car was not "fleeting." *Id.* at 222-23, 931 P.2d at 1365-66.

In *Barrios-Lomeli,* police acting on information that Lomeli was in town to deliver drugs found Lomeli and his girlfriend in a local store and detained Lomeli for the statutory one-hour investigative period. *See* 113 Nev. at 958, 944 P.2d at 794. Police then proceeded to search Lomeli's automobile that was parked in the

---

[3]The automobile exception to the general requirement for search warrants was first enunciated by the Supreme Court of the United States in Carroll v. United States, 267 U.S. 132 (1925). In *Carroll,* the Court held that officers could conduct a warrantless search of a vehicle where there was probable cause to believe that the vehicle contained contraband and where there were sufficient exigent circumstances based on the vehicle's ready mobility. *Id.* at 153-54. The scope of the *Carroll* automobile search was clarified by the Supreme Court in United States v. Ross, 456 U.S. 798 (1982), where it held that "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id.* at 825.

In later decisions, the Court emphasized a second justification for allowing vehicle searches based on probable cause: the pervasive scheme of automobile regulation that created a reduced expectation of privacy. *See* California v. Carney, 471 U.S. 386, 392 (1985). Although the Supreme Court of the United States has de-emphasized the exigency requirement in its current jurisprudence, this court has recently recognized the requirement's continuing vitality for searches of parked, immobile, unoccupied vehicles. *See Harnisch II,* 114 Nev. 225, 954 P.2d 1180 (1998).

store's parking lot and found four ounces of methamphetamine. *See* 113 Nev. at 954-55, 944 P.2d at 792. This court held that Lomeli's parked vehicle was within the scope of the police detainment, and thus could not be moved during this time and gave the police a one-hour opportunity in which to obtain a telephone warrant for the vehicle. *See* 113 Nev. at 958, 944 P.2d at 794. Thus, in analyzing whether the automobile exception applied, this court held that regardless of whether the police had probable cause to believe Lomeli's vehicle contained criminal evidence, there were no sufficient exigent circumstances to justify the warrantless search because the automobile could not be driven away during the detainment period. *See id.*

■■■■■■

Analyzing whether the automobile exception applies to the facts of the present case, we conclude that the police search for and seizure of drug trafficking evidence found in Fletcher's vehicle was proper. First, based on our review of Smith's testimony and Det. Vigna's earlier contact with Fletcher, we hold that the police had probable cause to believe Fletcher's automobile contained evidence of drug trafficking. Next, we note that in contrast to *Harnisch I, Harnisch II,* and *Barrios-Lomeli,* the present case involves the warrantless search of Fletcher's automobile subsequent to Fletcher's roadside arrest on a separate charge. As a result of this arrest, Fletcher's vehicle was left on the roadside subject to a police inventory search and later impoundment, creating what we conclude to be a sufficient exigent circumstance distinct from the parked, unoccupied vehicles in *Harnisch I, Harnisch II,* and *Barrios-Lomeli.* It would be unreasonable to require the police to remain at the scene of the arrest pending the arrival of a warrant or assign an officer to accompany the tow truck to an impound yard pending the arrival of a warrant. Therefore, we conclude that the district court properly admitted the evidence of drug trafficking found in Fletcher's automobile.

## CONCLUSION

We conclude that the district court did not err in admitting evidence of drug trafficking found during a warrantless search of Fletcher's automobile because the search was supported by probable cause and was performed concurrent with Fletcher's roadside arrest for an unrelated charge. Accordingly, we affirm the judgment of the district court.