OPINION
 

 By the Court,
 

 Leavitt, L:
 

 A Nevada State Trooper responded to a radio report that shots had been fired at a local casino. The Trooper was flagged down by a casino security guard, who provided the license plate number and description of the vehicle allegedly containing the shooting suspects. Shortly thereafter, the Trooper caught up with the vehicle and initiated a felony stop, whereby the vehicle’s four occupants, including appellant, were removed from the vehicle at gunpoint and handcuffed. The Trooper then searched the vehicle for weapons and found marijuana and a handgun which were later used to convict appellant of possession of a controlled substance and being an ex-felon in possession of a firearm.
 

 Appellant appeals, contending, among other things, that the warrantless search of the vehicle was illegal. We conclude that the search was valid because it was supported by probable cause and because exigent circumstances existed to justify the search.
 

 FACTS
 

 Nevada State Trooper Scott Cobel heard a report over his police radio that shots had been fired at the Saddle West Hotel & Casino in Pahrump, Nevada. Trooper Cobel immediately responded to the casino where he was flagged down by a security guard, who gave a license plate number and description of the vehicle in which the shooting suspects had left.
 

 Trooper Cobel proceeded southbound on State Route 160 until he caught up with the vehicle and pulled it over. Cobel drew his weapon and ordered the four occupants of the vehicle to raise their hands. At the time of the stop, appellant was sitting in the back seat of the vehicle, behind the driver. With the assistance of another Trooper, Cobel then conducted a felony traffic stop, wherein he ordered each of the vehicle’s occupants at gunpoint to step out of the car, one at a time. As each occupant stepped out of the vehicle, Cobel performed a quick pat-down search, handcuffed the individual, and sat him or her down on the side of the road.
 

 Trooper Cobel then searched the vehicle for weapons. Cobel testified that when he searched the vehicle, officer safety was not
 
 *978
 
 an issue because the four suspects were temporarily restrained and had been patted down for weapons.
 

 Beneath the driver’s seat, Cobel found a Beretta semiautomatic handgun (“Beretta”). The Beretta was located behind a metal bar which adjusts the seat, with the barrel pointed towards the front of the car and the hammer pulled back. Cobel also found marijuana in a black duffel bag. A casino security guard reported seeing appellant outside the casino carrying a black duffel bag. Methamphetamine and a second handgun were also recovered by police, as well as a third handgun which was thrown from the vehicle prior to the stop, but appellant was only convicted on charges related to the Beretta and the marijuana.
 

 Appellant and the other occupants of the vehicle were arrested. Sergeant Steve Huggins of the Nye County Sheriffs Office informed Trooper Cobel that the sheriffs office would be handling the case, including gathering the evidence, and asked Cobel to return the Beretta, marijuana, and other evidence to the vehicle. Cobel placed the evidence back inside the vehicle.
 

 Appellant was charged and tried on three counts of being an ex-felon in possession of a firearm (one count for the Beretta and two counts for the other two handguns) and two counts of possession of a controlled substance (one count for the marijuana in the black duffel bag and one count for methamphetamine found in the car). The ex-felon in possession of a firearm counts were brought pursuant to NRS 202.360
 
 [1]
 
 and the possession counts were brought pursuant to NRS 453.336.
 
 [2]
 

 Prior to trial, appellant filed a motion to suppress the evidence obtained in the warrantless search of the vehicle. Appellant did
 
 *979
 
 not file a motion to request a severance of the counts of being an ex-felon in possession of a firearm from the other counts.
 

 The district court conducted a hearing outside the presence of the jury in order to make a determination on appellant’s suppression motion. After hearing testimony from Trooper Cobel, the district court denied the suppression motion, concluding as follows:
 

 Knowing that there was likely a gun and it wasn’t found on the persons stopped, it was only reasonable for the officers to conclude that the gun or guns would likely be in the car. It was unreasonable under these factual circumstances to not search for weapons.
 

 In any event this Court would find based on the likelihood of firearms there has been an adequate showing of exigent circumstances to search for firearms.
 

 Ultimately, the jury returned guilty verdicts on one count of being an ex-felon in possession of a firearm (for the Beretta found under the driver’s seat) and one count of possession of a controlled substance (for the marijuana found in the black duffel bag). For the count of being an ex-felon in possession of a firearm, the district court sentenced appellant to twenty-eight (28) to seventy-two (72) months in prison. For the count of possession of a controlled substance, the district court sentenced appellant to a concurrent sentence of twelve (12) to forty-eight (48) months in prison, to be suspended during a probationary term of five years. Appellant received credit for 262 days served prior to sentencing. Appellant now appeals.
 

 DISCUSSION
 

 We first examine appellant’s contention that the district court erred in denying his motion to suppress evidence obtained as a result of the warrantless search of the vehicle in which appellant was a passenger.
 

 “Warrantless searches ‘are
 
 per se
 
 unreasonable under the Fourth Amendment subject only to a few specifically established and well delineated exceptions.’” Barrios-Lomeli v. State, 113 Nev. 952, 957, 944 P.2d 791, 793 (1997) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)). One such exception is the “automobile exception,” which applies if two conditions are present: “first, there must be probable cause to believe that criminal evidence was located in the vehicle; and second, there must be exigent circumstances sufficient to dispense with the need for a warrant.” State v. Harnisch, 113 Nev. 214, 222-23, 931 P.2d
 
 *980
 
 1359, 1365 (1997) (Harnisch I) (citation omitted);
 
 see also
 
 State v. Harnisch, 114 Nev. 225, 228-29, 954 P.2d 1180, 1183 (1998) (Harnisch II) (concluding that, under the Nevada Constitution, both probable cause and exigent circumstances must exist to justify the warrantless search of a parked, immobile and unoccupied vehicle).
 

 Our review of the record in this case indicates that there was sufficient probable cause to believe that weapons were located in the vehicle, based on the security guard’s description of the vehicle and the report that shots had been fired in the casino. Thus, the first prong of the automobile exception is met.
 

 The second prong of the automobile exception, exigent circumstances, was recently addressed in Fletcher v. State, 115 Nev. 425, 990 P.2d 192 (1999). Prior to
 
 Fletcher,
 
 our decisions applied the automobile exception only in the context of an automobile that was ‘“parked, immobile and unoccupied
 
 at the time the police first encountered it,
 
 ’ ’ ’ not in the context of a vehicle stopped along the roadside by police after pursuit from the scene of a crime, as in this case.
 
 Harnisch II,
 
 114 Nev. at 228, 954 P.2d at 1182 (quoting State v. Kock, 725 P.2d 1285, 1287 (Or. 1986)) (emphasis added and original emphasis omitted). Because
 
 Fletcher
 
 concerned a roadside search, as opposed to a search of a parked and unoccupied vehicle, we distinguished it from prior cases which invalidated warrantless searches. Fletcher’s arrest caused the vehicle to be ‘ ‘left on the roadside subject to a police inventory search and later impoundment, creating what we conclude to be a sufficient exigent circumstance distinct from the parked, unoccupied vehicles in
 
 Harnisch I, Harnisch II,
 
 and
 
 Barrios-Lomeli.” Fletcher,
 
 115 Nev. at 430, 990 P.2d at 195.
 

 We conclude that the imminent arrest of appellant and the other occupants of the vehicle, following a pursuit from the scene of a crime, would similarly leave the vehicle “on the roadside subject to a police inventory search and later impoundment, creating ... a sufficient exigent circumstance” to satisfy the second prong of the automobile exception.
 
 Id.
 
 As in
 
 Fletcher,
 
 it would likewise in this case be “unreasonable to require the police to remain at the scene of the arrest pending the arrival of a warrant or assign an officer to accompany the tow truck to an impound yard pending the arrival of a warrant.”
 
 Id.
 
 We therefore conclude that under the circumstances of this case there existed sufficient exigent circumstances to justify a warrantless search of the vehicle.
 

 The warrantless search of the vehicle was supported by proba
 
 *981
 
 ble cause and the roadside stop of the vehicle following pursuit from the scene of a crime created exigent circumstances to justify the search. Therefore, we conclude that the district court did not err in admitting the evidence found during the search.
 

 Next, appellant contends that the district court erred in failing to sever the counts of being an ex-felon in possession of a firearm from the remaining counts. We disagree. In Brown v. State, 114 Nev. 1118, 1126, 967 P.2d 1126, 1131 (1998) (emphasis added), we stated that “to ensure fairness in those
 
 future
 
 cases where the State seeks convictions on multiple counts, including a count of possession of a firearm by an ex-felon pursuant to NRS 202.360, we now hold that severance of counts pursuant to NRS 202.360 is required.” Because this language indicates that
 
 Brown
 
 has prospective application only, and because appellant’s case was tried prior to
 
 Brown,
 
 severance was not required.
 
 See also
 
 Schoels v. State, 115 Nev. 33, 36, 975 P.2d 1275, 1277 (1999) (stating that the rule in
 
 Brown
 
 was not constitutionally demanded and had prospective application only). Moreover, appellant failed to file a motion for severance.
 

 Appellant next contends that the district court erred in admitting evidence of the controlled substances and guns found in the vehicle, because the State laid inadequate foundation for the evidence due to a lack of chain of custody. Although Trooper Cobel’s name did not appear on the chain of custody, the jury was reasonably able to conclude from his and Detective Huggins’ testimony that the evidence presented at trial was in fact the same evidence retrieved from the vehicle. “It is not necessary to negate all possibilities of substitution or tampering with an exhibit ... it is sufficient to establish only that it is reasonably certain that no tampering or substitution took place, and the doubt, if any, goes to the weight of the evidence.” Sorce v. State, 88 Nev. 350, 352-53, 497 P.2d 902, 903 (1972) (citing Oliver v. State, 85 Nev. 10, 449 P.2d 252 (1969); Carter v. State, 84 Nev. 592, 446 P.2d 165 (1968); Eisentrager v. State, 79 Nev. 38, 378 P.2d 526 (1963)). Accordingly, we conclude that this contention lacks merit.
 

 Finally, we consider appellant’s contention that insufficient evidence was adduced at trial to support his conviction.
 
 [3]
 
 Our standard of review is “ ‘whether, after viewing the evidence in the
 
 *982
 
 light most favorable to the prosecution,
 
 any
 
 rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” Koza v. State, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). After reviewing the evidence in the light most favorable to the prosecution, we conclude that the jury could draw reasonable inferences from the evidence to establish all elements of the crimes charged. For example, the location of the Beretta behind the metal bar under the seat, coupled with the fact that the gun faced toward the front of the car with the hammer pulled back, when viewed in the light most favorable to the prosecution, could lead any rational trier of fact to infer that appellant placed the Beretta under the seat and was therefore in possession of it. Likewise, any rational trier of fact could conclude that the marijuana in the black duffel bag belonged to appellant, because of (1) his voluntary statements identifying the bag as his and (2) because the casino security guard saw appellant carrying a black duffel bag outside the casino.
 

 CONCLUSION
 

 We conclude that the district court did not err in admitting the evidence obtained in the warrantless search of the vehicle in which appellant was a passenger because the search was supported by probable cause and exigent circumstances existed in that the search occurred contemporaneously with the roadside arrest of appellant and the other occupants of the vehicle following pursuit from the scene of a crime. We conclude that appellant’s remaining contentions also lack merit. Accordingly, we affirm appellant’s conviction.
 

 Shearing and Agosti, JJ., concur.
 

 [1]
 

 NRS 202.360 provides:
 

 1. A person who has been convicted of a felony in this or any other state, or in any political subdivision thereof, or of a felony in violation of the laws of the United States of America, unless he has received a pardon and the pardon does not restrict his right to bear arms, shall not own or have in his possession or under his custody or control any firearm.
 

 2. As used in this section, “firearm” includes any firearm that is loaded or unloaded and operable or inoperable.
 

 3. A person who violates the provisions of this section is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 6 years, and may be further punished by a fine of not more than $5,000.
 

 [2]
 

 NRS 453.336(1) provides:
 

 1. A person shall not knowingly or intentionally possess a controlled substance, unless the substance was obtained directly from, or pursuant to, a prescription or order of a physician, physician’s assistant, dentist, podiatric physician, optometrist or veterinarian while acting in the course of his professional practice, or except as otherwise authorized by the provisions of NRS 453.011 to 453.552, inclusive.
 

 [3]
 

 Appellant makes this argument in connection with his assertion that cumulative error warrants a new trial. Because the record is devoid of any error, appellant’s cumulative error contention lacks merit.