An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARVIN DWAYNE MOSBY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60536

**FILED**

MAY 1 5 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of larceny from a person and one count each of burglary, attempted larceny from a person, possession of a credit or debit card without cardholder's consent, and obtaining and using personal identification information of another. Eighth Judicial District Court, Clark County; Donald M. Mosley, Judge. Appellant Marvin Dwayne Mosby raises four arguments on appeal.

First, Mosby contends that the district court erred in denying his motion to suppress. He asserts that the placement of a tracking device on his car constituted a search under the Fourth Amendment. *See United States v. Jones*, 565 U.S. ___, 132 S. Ct. 945 (2012). At the time this search was conducted, binding appellate precedent held that attaching a GPS device to a vehicle did not violate the Fourth Amendment. *Osburn v. State*, 118 Nev. 323, 327, 44 P.3d 523, 526 (2002); *see also United States v. McIver*, 186 F.3d 1119, 1126-27 (9th Cir. 1999). The United States Supreme Court has held that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule" because application of this rule "would do nothing to

deter police misconduct" and therefore would not further the purpose of the rule. *Davis v. United States*, 564 U.S. \_\_\_, \_\_\_, 131 S. Ct. 2419, 2423-24, 2427 (2011); *see also United States v. Pineda-Moreno*, 688 F.3d 1087, 1090 (9th Cir. 2012), *cert. denied*, 568 U.S. \_\_\_, 133 S. Ct. 994 (2013). Mosby fails to explain why this court should deviate from the reasoning in *Davis*. In addition, Mosby failed to demonstrate that the district court erred in concluding that he did not have a reasonable expectation of privacy in the parking lot of the apartment complex where the device was placed on his car. *See State v. Harnisch*, 113 Nev. 214, 221-22, 931 P.2d 1359, 1364-65 (1997), *clarified on denial of reh'g*, 114 Nev. 225, 954 P.2d 1180 (1998). Therefore, the district court did not err in denying the motion to suppress.

Second, Mosby argues that the district court erred in denying his motion for a mistrial based on the State's reference to inadmissible evidence during its opening statement. We discern no abuse of discretion. *See Rose v. State*, 123 Nev. 194, 206-07, 163 P.3d 408, 417 (2007) (reviewing district court order denying mistrial for abuse of discretion). The State's remarks did not refer to the repeat offender program and thus did not mention evidence that had been precluded. Further, the evidence related to the surveillance of Mosby on the day of the offense was relevant, *see* NRS 48.025 (providing that relevant evidence is generally admissible), and did not refer to any uncharged bad acts, *see* NRS 48.045(2) (limiting use of uncharged bad acts evidence).

Third, Mosby contends that the district court erred in imposing the habitual criminal sentences absent a jury trial on the issue in accordance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because we have previously concluded that *Apprendi*'s holding does not apply to

habitual criminal adjudications, *O'Neill v. State*, 123 Nev. 9, 10-11, 153 P.3d 38, 39 (2007), we conclude that Mosby is not entitled to relief on this claim.

Fourth, Mosby asserts that the State presented insufficient evidence at trial to sustain his convictions. This claim lacks merit because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). The jury heard evidence that Mosby drove to a bus stop, boarded a bus, and was observed taking wallets from three people and touching the coat of a fourth person in a probing manner. After his arrest, Mosby was discovered in possession of cash from one victim's wallet; wallets belonging to two other victims, one of which had the victim's identification and credit cards; Canadian currency belonging to some of the victims; and a driver's license bearing the name of one individual and number corresponding to the license of another individual. Based on this evidence, we conclude that a rational juror could reasonably find that Mosby intended to commit larceny when he boarded the bus, NRS 205.060(1) (burglary defined), took property, including identification and credit cards, from several people with the intent to appropriate it for himself, NRS 205.270(1) (larceny from the person defined); NRS 205.690(1) (obtaining credit or debit card without consent of cardholder), attempted to take property from another, NRS 205.070(1); NRS 193.330(1) (attempt defined), and used the identification of another to delay or avoid prosecution, NRS 205.463(2) (obtaining and using personal identification information of another defined).

Having reviewed Mosby's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Adriana Escobar, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk