**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CORNELIUS EUGENE ROGERS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66081

**FILED**

JUL 2 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying in part a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant Cornelius Eugene Rogers argues that he received ineffective assistance of counsel from both his trial and appellate counsel. To demonstrate ineffective assistance of counsel, a petitioner must show both that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying the *Strickland* test to appellate counsel claims). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 689.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-22040

Rogers argues that trial counsel was ineffective in admitting his guilt for burglary at trial without his consent and that he could not have been convicted of felony murder absent counsel's concession. A concession of guilt may be a reasonable trial strategy when circumstances dictate. *Armenta-Carpio v. State*, 129 Nev., Adv. Op. 54, 306 P.3d 395, 398 (2013). As Rogers confessed to burglarizing the deceased victim's home in his recorded police interview that was played for the jury, counsel's credibility with the jury would have been significantly impaired by denying the burglary. *See Florida v. Nixon*, 543 U.S. 175, 192 (2004) ("[C]ounsel cannot be deemed ineffective for attempting to impress the jury with his candor and his unwillingness to engage in 'a useless charade.'"). Further, the victim's neighbor witnessed Rogers driving a car into the victim's garage on the morning that she was killed, and property missing from the victim's home was recovered from Rogers' residence and a location where he had asked to store property. The record shows counsel's tactical concern with maintaining credibility in his arguments to the jury, and counsel's tactical choices were limited after efforts to suppress Rogers' police statements failed. *See Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002). The concession was consistent with Rogers' explanation to the police that his co-perpetrator in the burglary was the sole perpetrator of the murder. Rogers' felony-murder argument ignores his convictions for robbery and kidnapping—either of which could have been predicate to liability for felony murder—and lacks merit. We conclude that Rogers has failed to show that counsel was deficient.

Rogers argues that appellate counsel was ineffective for failing to challenge his convictions for possession of stolen property and robbery as violating double jeopardy. As the State conceded this issue before the

district court and the district court vacated the conviction on the count for possession of stolen property, we conclude that this contention is moot. *See Nat'l Collegiate Athletic Ass'n v. Univ. of Nevada, Reno*, 97 Nev. 56, 57, 624 P.2d 10, 10 (1981).

Rogers argues that appellate counsel was ineffective in failing to contest the district court's order denying his motion to exclude evidence relating to a pair of boots that were seized because the chain of custody was deficient. "A district court's decision to admit or exclude evidence will not be reversed on appeal unless it is manifestly wrong." *Archanian v. State*, 122 Nev. 1019, 1029, 145 P.3d 1008, 1016 (2006). Chain of custody "requires (1) reasonable showing that substitution, alteration or tampering of the evidence did not occur; and, (2) the offered evidence is the same, or reasonably similar to the substance seized." *Burns v. Sheriff, Clark Cnty.*, 92 Nev. 533, 534-35, 554 P.2d 257, 258 (1976). If it is reasonably certain that no substitution or tampering occurred, any doubt goes to the weight of the evidence. *Hughes v. State*, 116 Nev. 975, 981, 12 P.3d 948, 952 (2000). The State presented testimony showing that the investigating detective went to Rogers' mother's home looking for Rogers' boots, that she gave him two pairs of boots, that he gave her a receipt, that he then delivered the boots to the crime scene analyst, and that the analyst received them and impounded them. Rogers contested that the property receipt did not indicate the brands of the boots received and that the analyst's report did not indicate the date she received the boots from the detective. The district court held a hearing outside of the jury's presence and concluded that Rogers' concerns went to the credibility of the boot evidence and not its admissibility. Rogers has not shown that the district court manifestly erred and, accordingly, has not shown that a

challenge to that decision would have had a reasonable likelihood of success on appeal. *See Kirksey*, 112 Nev. at 998, 923 P.2d at 1114.

Having considered Rogers' contentions and concluded that they are without merit, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Carolyn Ellsworth, District Judge
Law Office of Betsy Allen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]We reject Rogers' claim that the district court abused its discretion in not granting an evidentiary hearing, as he failed to allege specific facts that, if true, entitled him to relief. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).