IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSHUA CALEB SHUE,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 79874

FILED

SEP 1 8 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER AFFIRMING AND REMANDING
TO CORRECT AN ILLEGAL SENTENCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Joshua Shue contended that trial and appellate counsel were ineffective. To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996) (applying *Strickland* to

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

20-34441

claims of ineffective assistance of appellate counsel). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. Both components of the inquiry must be shown. *Id.* at 697.

First, appellant claimed that trial counsel should have accepted a plea offer without trying to confirm whether the State would continue to pursue additional charges. Appellant failed to demonstrate deficient performance or prejudice. Appellant's claim is based on an assumption that the guilty plea would have stopped the State from processing the digital media seized from his home. The record does not support his assumption. Instead, the record supports the district court's findings that the parties had not arrived at an agreement regarding a plea deal. In particular, during a pre-indictment hearing, the State expressed that the parties had not come to an agreement as to a potential guilty plea and the State was continuing to process evidence. In these circumstances, counsel's decision to proceed with prudence was not unreasonable. And as the State was prepared to bring additional charges, appellant did not demonstrate that he would have received a lesser sentence had he pleaded guilty. *See Lafler v. Cooper*, 566 U.S. 156, 174 (2012) (requiring petitioner to show that counsel's performance prevented him from accepting a plea wherein he faced less time than if convicted at trial). Therefore, the district court did not err in denying this claim.

Second, appellant claimed that counsel should have (1) investigated possible evidence tampering, (2) investigated whether the videos had been viewed, (3) examined whether the seized cameras had been used to record the seized videos, and (4) tried to obtain the videos the victim

recorded of herself. Appellant failed to demonstrate deficient performance or prejudice. The State established a chain of custody through testimony of officers who seized and tested appellant's computer and cameras. Any doubt that counsel could stir regarding the evidence would therefore go to its weight and not admissibility. *See Hughes v. State*, 116 Nev. 975, 981, 12 P.3d 948, 952 (2000). Moreover, one of the victims identified herself, her brother, appellant, and their bathroom in the videos. The videos even purported to show appellant setting up the camera. Considering this evidence, appellant failed to demonstrate that counsel's decision not to pursue these avenues of investigation or assert these defenses was unreasonable. In addition, none of these proffered defenses would have undermined the elements of the crimes. While evidence that the images were viewed may have supported the notion that they were knowingly possessed, the lack of viewing is not a defense given the remaining evidence in this case, which shows that the files were found on appellant's computer and camera, and video evidence that shows that appellant recorded the images. Finally, whether or not the victim took nude photographs of herself on her own phone is irrelevant and does not exonerate appellant's conduct. Therefore, the district court did not err in denying this claim.[2]

Third, appellant claimed that counsel should have reviewed recorded phone calls between the victim and her mother in which the victim

---

[2]Appellant also asserted that based on the amount of time the State was in possession of his computer and cameras, there was a limited period of time of several weeks during which he could have recorded the video and imported them onto his laptop. As a period of weeks is ample time to record and transfer digital video, he did not demonstrate that counsel should have sought to undermine the evidence on this basis.

said that she felt forced to testify to avoid being taken from her mother and discovered that after the victim had been removed that she declined to return to her home in order to receive a government subsidy. Appellant failed to demonstrate deficient performance or prejudice. Appellant's convictions were supported by forensic evidence seized from his computer and camera.[3] Therefore, to the extent that appellant could undermine the victim's testimony with this evidence, he did not demonstrate a reasonable probability of a different outcome at trial. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that trial and appellate counsel should have argued that mere nudity was not sufficient to constitute child pornography.[4] He asserted that the videos did not depict sexual activity and counsel should have addressed whether they had artistic or educational value. Trial counsel raised that argument in a pretrial habeas petition and also argued to the jury that the videos did not constitute pornography. Appellant therefore did not demonstrate deficient performance by trial counsel in this respect. And as this court vacated all but one of the

_____

[3]On direct appeal, this court struck all but one of his convictions for possession of child pornography as he was convicted on a charge for each picture found and concluded his conviction for open and gross lewdness was not supported by the evidence. *Shue v. State*, 133 Nev. 798, 804, 407 P.3d 332, 337 (2017).

[4]Appellant also argues that counsel should have viewed the evidence himself and not relied on assistants' reports describing the content of the videos. Counsel argued that the contents of the videos appellant recorded did not amount to a sexual portrayal, and appellant did not allege how this argument could have been improved had counsel personally reviewed the evidence. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225.

convictions for possession of child pornography on other grounds, *see Shue v State*, 133 Nev. 798, 804, 407 P.3d 332, 337 (2017), and the evidence supporting the remaining conviction included a depiction of sexual conduct, appellant did not demonstrate that appellate counsel could have obtained any additional relief by making this sufficiency-of-the-evidence argument.[5] Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that trial and appellate counsel should have (1) corrected the credit for time served and (2) addressed his military service as a mitigating factor. These claims are not sufficiently substantiated or are belied by the record: appellant does not explain how the credit for time served is erroneous and appellant testified at trial that he had served in the military, counsel argued at sentencing that appellant was a veteran, and appellant did not allege what further argument should have been made or evidence introduced as to his military service. Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that appellate counsel should have moved to suppress his statement to police based on conflicting testimony about whether he invoked his right to counsel. Appellant did not demonstrate deficient performance or prejudice. He did not identify where in the record there is conflicting testimony about the invocation of his right to counsel, so he has not shown that a motion to suppress would have had merit. *See Kirksey*, 112 Nev. at 990, 923 P.2d at 1109 (explaining that the

_____

[5]As to the charges based on production of child pornography, this court concluded that appellant "surreptitiously recording his then-girlfriend's minor children naked in the bathroom performing bathroom activities and taking an up-skirt photo of one of the children" is proscribed by NRS 200.710(2), and does not implicate First Amendment protection. *See Shue*, 133 Nev. at 806-07, 407 P.3d at 339.

prejudice prong of an ineffective-assistance claim based on counsel's failure to file a motion to suppress evidence allegedly obtained in violation of the Fourth Amendment requires a showing that the motion was meritorious). Additionally, as the evidence against him was primarily witness testimony and evidence seized from his electronics, we are not convinced there is a reasonable probability of a different outcome if his statements to police had been excluded. *See id.* (explaining that the prejudice prong of an ineffective-assistance claim based on counsel's failure to file a motion to suppress evidence allegedly obtained in violation of the Fourth Amendment also requires showing that exclusion of the evidence would have changed the outcome at trial). Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that trial counsel did not effectively challenge the child abuse conviction based on the conduct shown at trial. He argues that counsel moved for a directed verdict but did not let the court rule on it. This claim is belied by the record. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. The record shows that the district court denied appellant's motion. Appellant did not allege what additional argument counsel could have made that would have succeeded. Child abuse or neglect occurs when a person causes a child to suffer unjustifiable mental suffering as a result of abuse or neglect. NRS 200.508(1). It is often more than any single act of abuse, molestation, or deprivation, but is instead a "pattern of behavior." *Rimer v. State*, 131 Nev. 307, 319, 351 P.3d 697, 707 (2015) (quotation marks omitted). Appellant did not demonstrate that counsel could have shown that the alleged conduct, which included a significant invasion of the victim's privacy and aggressive, uninvited touching did not

cause unjustifiable mental suffering. Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that appellate counsel should have argued that his sentence was excessive and that lifetime supervision constituted a second punishment. Appellant failed to demonstrate deficient performance or prejudice. Appellant did not demonstrate that the relevant statutes are unconstitutional. *See Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996). Appellant's sentences of 24 to 72 months for child abuse and neglect, life with the possibility of parole after five years for use of minor in production of pornography (over 14 years old), life with the possibility of parole after ten years for use of minor in production of pornography (under 14 years old), and 12 to 72 months for possession of child pornography fall within the parameters of the relevant statutes. *See* NRS 200.508(1)(b)(1); NRS 200.730(1); NRS 200.750(1), (2). Finally, NRS 176.0931(1) (lifetime supervision) explicitly provides that it shall be imposed "in addition to any other penalties provided by law," NRS 176.0931(1), thereby evidencing the legislative intent that it be a cumulative punishment for the underlying offense. Given that clear legislative intent, there is no double jeopardy concern. *Nev. Dep't of Prisons v. Bowen*, 103 Nev. 477, 480, 745 P.2d 697, 699 (1987) (recognizing that the Double Jeopardy Clause prevents a sentencing court from imposing greater punishment than the legislature intended; it does not prevent a state legislature from imposing cumulative punishments for a single offense (citing *Missouri v. Hunter*, 459 U.S. 359 (1983))). Therefore, the district court did not err in denying this claim.

Ninth, appellant claimed that appellate counsel should have sought rehearing on the ground that his remaining convictions were

SUPREME COURT
OF
NEVADA

(O) 1947A

7

inconsistent with this court's decision to reverse the open and gross lewdness conviction. Appellant failed to demonstrate deficient performance or prejudice. In reversing the open-and-gross-lewdness conviction, this court observed that "[a] kiss, without more does not constitute lewd conduct because it is not lustful or sexually obscene." *Shue*, 133 Nev. at 808, 407 P.3d at 340. The opinion did not suggest that the State failed to prove the elements of the production and possession of child pornography charges, which were based on other conduct established by witness testimony and images recovered from appellant's devices. Therefore, the district court did not err in denying this claim.

Tenth, appellant contended that the district court should have appointed postconviction counsel. Appellant was not entitled to the appointment of postconviction counsel as a matter of right. *See Brown v. McDaniel*, 130 Nev. 565, 569-71, 331 P.3d 867, 870-71 (2014). Notwithstanding the arguable severity of appellant's sentence, the district court did not abuse its discretion in denying his petition without appointing counsel because appellant has not shown that his case presented difficult issues or matters on which counsel was needed to conduct discovery. *See* NRS 34.750(1); *Renteria-Novoa v. State*, 133 Nev. 75, 76, 391 P.3d 760, 760-61 (2017).

Lastly, appellant claimed that counsel should have argued that the restitution ordered for hospital fees was not related to the crime. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel challenged the restitution in this way. The district court orally imposed restitution for the child abuse count in the amount of $3540.39, based on amounts reflected in the presentence investigation report for money paid for medical treatment of the child abuse victim in

connection with this case. *See* NRS 176.033(1)(c); *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009) (explaining that a district court has wide discretion when imposing sentence). Appellant has not alleged how counsel could have demonstrated that the allegation that the victim had received medical treatment in this case as a result of appellant's conduct was impalpable or highly suspect. *See Martinez v. State*, 115 Nev. 9, 12, 974 P.2d 133, 135 (1999) (affirming restitution amount based solely on the amount noted in the presentence report); *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976) (holding that this court will not interfere with the sentence imposed "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence"). However, the second amended judgment of conviction denotes the restitution amount as a fine. This was an error as neither NRS 200.508(1)(b)(1) nor NRS 193.130(2)(b) impose a fine for child abuse and neglect or a category B felony. Therefore, the fine constitutes and illegal sentence and the district court should correct it. *See* NRS 176.555. Accordingly, we

ORDER the judgment of the district court AFFIRMED but REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Valerie Adair, District Judge
    Joshua Caleb Shue
    Attorney General/Carson City
    Clark County District Attorney
    Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A