975 P.2d 789

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Donald Karl HOLTON, Defendant– Appellant.**

No. 23809.

Supreme Court of Idaho.
Boise, December 1998 Term

March 26, 1999.

Alan E. Trimming, Ada County Public Defender; Michael R. De Angelo, Deputy Public Defender, Boise, for appellant. Michael R. De Angelo argued.

Hon. Alan G. Lance, Attorney General; Kenneth M. Robins, Deputy Attorney Gener-

al, Boise, for respondent. Kenneth M. Robins argued.

SILAK, Justice

This is an appeal from a denial of a motion to suppress evidence obtained by police through a warrantless search of the defendant's person.

## I.

## FACTS AND PROCEDURAL BACKGROUND

### A. Facts

On July 19, 1996, at approximately 2:30 a.m., Donald Karl Holton (Holton) was stopped by Officer Ware of the Boise City Police Department on suspicion that Holton was driving while intoxicated. Officer Bones, a DUI task force specialist for the Boise City Police Department, was called to assist Officer Ware in conducting field sobriety tests. Holton exited his car when Officer Bones arrived, pursuant to Officer Ware's direction, so that Officer Bones could conduct the tests.

In speaking with Holton, Officer Bones detected the odor of an alcoholic beverage and noticed that Holton's eyes were glazed and bloodshot. Officer Bones then conducted a horizontal gaze nystagmus test and noticed that Holton's pupils reacted slowly to the light from Officer Bones' flashlight and "were dilated above what would be normal." Holton's eyes also demonstrated a lack of convergence. Officer Bones determined that these responses were an indication that Holton was under the influence of a drug other than alcohol. In conformity with standard procedure, Officer Bones then asked Holton to open his mouth in order to look for signs of drug ingestion, such as discoloration of the tongue, debris, burns or boils on the gums or top of mouth.

Holton did not open his mouth as requested, but started chewing. When Officer Bones asked Holton what was in his mouth, Holton indicated that it was gum. Holton refused to comply with further requests to spit the object out. Instead, he started chewing more vigorously. At that point, Officer Bones saw the corner of something that

looked like a piece of plastic in Holton's mouth. Again, Holton refused to comply with requests to spit the object out. Officer Ware then grabbed Holton's arm, ordering him to spit the object out. A struggle ensued between both officers and Holton, during which the officers informed Holton that he was under arrest and repeatedly ordered him to spit out the object. After trying to swallow the object and gagging, Holton spit out a plastic bag. A subsequent test on the contents revealed that the bag contained methamphetamine.

Holton was charged on July 19, 1996 with possession of a controlled substance, assault and battery on a police officer, obstructing and resisting an officer, possession of drug paraphernalia, and possession of an open container of alcohol in a motor vehicle.

On September 4, 1996, Holton filed a motion to suppress evidence. Holton argued that the warrantless search of his mouth conducted by the officers violated his rights under the Fourth Amendment to the United States Constitution and Art. I, § 17 of the Idaho Constitution.

On February 13, 1997, after a hearing on the motion, the district court issued its oral findings and decision. It found that Officer Ware was justified in making the traffic stop and that he had the authority to ask the defendant to step out of the car to undergo field sobriety tests. Holton does not contest this finding. In addition, the district court found that there was sufficient evidence to raise a reasonable suspicion that Holton may have been drinking and may have been under the influence of alcohol or drugs. The district court also found that Officers Ware and Bones "had reasonable and articulable suspicion to take this case a step further than just issuing a ticket."

In denying the motion, the district court held that police may conduct a warrantless search of the defendant's mouth where police have a reasonable and articulable belief that the defendant is in the process of chewing and swallowing evidence. It held that since this was a reasonable DUI investigation, there was nothing inappropriate or unconstitutional with asking the defendant to open

his mouth. The court likened that request to asking a person to do a heel-to-toe test or asking the person how many drinks he has had. It found that the officers had a reasonable, articulable belief and suspicion that Holton was in the process of chewing and swallowing evidence. The court noted that since these events all occurred "right in front of" the officers and the plastic bag was "in plain sight," there was no violation of a constitutional right "under the reasonable exigencies of the situation." The district court further stated that the search was reasonably justified by the circumstances because the police used reasonable means to extract the object for the purposes of "preserving the evidence" and preventing a "possible overdose situation."

### B.  Procedural Background

On March 7, 1997, the district court entered its order denying the motion to suppress. Subsequently, the State and Holton entered into a plea agreement, pursuant to Idaho Criminal Rule 11(a)(2). Under the agreement, the police dropped the assault and battery charge, and Holton entered a conditional guilty plea to the remaining charges, reserving the right to appeal the order denying the motion to suppress.

On April 24, 1997, the district court entered its Judgment of Conviction and Commitment on the drug possession charge, sentencing the defendant to a fixed term of one year and four years indeterminate, for an aggregate of five years, and the court retained jurisdiction for one hundred and eighty days. Also on April 24, 1997, the district court entered its Judgment on Plea of Guilty (Misdemeanor) and Commitment on the remaining charges, sentencing the defendant on each count to one hundred and eighty days concurrent with the prior sentence.

The defendant filed a notice of appeal on April 30, 1997 and an amended notice of appeal on July 21, 1997.

## II.

## ISSUE ON APPEAL

Did the district court commit error in denying the defendant's motion to suppress evidence?

## III.

## STANDARD OF REVIEW

When reviewing a trial court's ruling on a motion to suppress, this Court will overturn factual findings made by the trial court only if they are clearly erroneous. *See State v. Julian*, 129 Idaho 133, 135, 922 P.2d 1059, 1061 (1996). However, the Court may freely review the trial court's application of constitutional standards to the facts found by the trial court. *See id.; State v. Bush*, 131 Idaho 22, 951 P.2d 1249 (1997).

## IV.

## ANALYSIS

### A.  The District Court Did Not Err In Denying The Motion To Suppress.

### 1.  Because of exigent circumstances, the retrieval of evidence from the defendant's mouth violated neither the Fourth Amendment to the United States Constitution nor Article I, Section 17 of the Idaho Constitution.

"The Fourth Amendment's proper function is to constrain, not against all intrusions, but against intrusions which are not justified in the circumstances, or which are made in an improper manner." *Schmerber v. State of California*, 384 U.S. 757, 768, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Like the Fourth Amendment, the purpose of Art. I, § 17 is to protect Idaho citizens' reasonable expectation of privacy against arbitrary governmental intrusion. *See State v. Thompson*, 114 Idaho 746, 749, 760 P.2d 1162, 1165 (1988); *State v. Christensen*, 131 Idaho 143, 146, 953 P.2d 583, 586 (1998).[1] "To this end, warrantless searches are presumed to be un-

---

1. Although this Court is free to interpret the Idaho Constitution as more protective of the rights of Idaho citizens than the United States Supreme Court's interpretation of the federal constitution, it "seriously considers federal law in determining the parameters of [Idaho's] constitutional provisions ..." *State v. Guzman*, 122 Idaho 981, 988, 842 P.2d 660, 667 (1992).

reasonable unless the search can be justified under one of the exceptions to the warrant requirement." *Id.; State v. Reimer,* 127 Idaho 214, 899 P.2d 427 (1995). Among the recognized exceptions to the warrant requirement is the exigent circumstances exception. *See State v. Johnson,* 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986). The United States Supreme Court has found the warrant requirement of the Fourth Amendment inapplicable in cases where the " 'exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona,* 437 U.S. 385, 394, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). The United States Supreme Court has long recognized the exigent circumstances exception to the warrant requirement. *See, e.g., Michigan v. Tyler,* 436 U.S. 499, 509, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978); *Warden v. Hayden,* 387 U.S. 294, 298–300, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

■ The exigent circumstances exception "refers broadly to fact patterns 'sufficient to excuse an officer from the requirement of obtaining a warrant to conduct a search for which he has probable cause.' " *State v. Rusho,* 110 Idaho 556, 559, 716 P.2d 1328, 1331 (1986) (quoting 1 W. RINGLE, SEARCHES & SEIZURES, ARRESTS AND CONFESSIONS, p. 10–1 (1985)). For example, under the "exigencies of the circumstances" exception, an otherwise illegal search may be justified by the "need to protect or preserve life or avoid serious injury." *State v. Monroe,* 101 Idaho 251, 254, 611 P.2d 1036, 1039 (1980), *vacated on other grounds,* 451 U.S. 1014, 101 S.Ct. 3001, 69 L.Ed.2d 385 (1981). Other circumstances that have been held to constitute an exigency include the removal or destruction of evidence. *See United States v. Young,* 909 F.2d 442, 446 (11th Cir.1990); *State v. Kelly,* 131 Idaho 774, 776, 963 P.2d 1211, 1213 (Ct.App. 1998); *State v. Wren,* 115 Idaho 618, 624–25, 768 P.2d 1351, 1357–58 (Ct.App.1989). Courts in our sister states have held that a warrantless search of a suspect's mouth is justified by exigent circumstances if the circumstances give the police reason to believe that the suspect is attempting to dispose of drugs. *See State v. Jacques,* 225 Kan. 38, 587 P.2d 861 (1978); *State v. Lewis,* 115 Ariz. 530, 566 P.2d 678 (1977); *Hernandez v. State,* 548 S.W.2d 904 (Tex.Crim.App.1977); *State v. Santos,* 101 N.J.Super. 98, 243 A.2d 274 (1968).

**2. The circumstances gave the officers a reason to believe that Holton would destroy evidence before a warrant could be issued.**

■ In the instant case, there is no contention that the initial stop was unreasonable. Neither is there any contention that the officers had no authority to conduct a DUI investigation. The only legitimate point of contention is at what point the DUI investigation should have been terminated. While Holton argues that the officers violated constitutional provisions by asking him to open his mouth, that argument is misplaced. The officers made no attempt to enforce the request until they had probable cause to believe that Holton was destroying evidence. In light of the circumstances involved, the officers did not run afoul of any constitutional protection by making the request.

In determining whether the officers reasonably feared imminent destruction of evidence, the appropriate inquiry is whether the facts, as they appeared at the precise moment in question, would lead a reasonable, experienced officer to believe that evidence might be destroyed before a warrant could be secured. *See Young,* 909 F.2d at 446; *United States v. Rivera,* 825 F.2d 152, 156 (7th Cir.), *cert denied,* 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987). Additionally, the risk that Holton might asphyxiate on the plastic bag or suffer from a massive overdose of methamphetamine likewise contributed to the exigent circumstances. *See Monroe,* 101 Idaho at 254, 611 P.2d at 1039. The district court correctly decided that the exigencies of this situation justified the officers' retrieval of the evidence. The district court's rationale is persuasive: "[I]t takes no great feat of logic and imagination and reasonableness to assume that people don't ordinarily eat little plastic baggies and that … anyone on the beat in this day and age knows that little baggies may well contain controlled sub-

stances. That's how they're carried. That's how they're used. That's how they're ingested."

Considering the odor of alcohol, the appearance of Holton's eyes, the results of the horizontal gaze nystagmus test, and the detection of the plastic bag in Holton's partially open mouth as he vigorously chewed, we hold that the officers had a reasonable basis to believe that Holton was attempting to destroy contraband and that the circumstances revealed a compelling need for immediate action.

The district court's finding that the officers reasonably believed that Holton may have been attempting to swallow the evidence is not clearly erroneous. The officers acted on a reasonable belief that Holton was attempting to destroy the evidence. We hold that the officers' conduct in this case did not violate any constitutional protections.

## V.

## CONCLUSION

We hold that the search which produced the plastic bag containing methamphetamine was justified by the exigent circumstances of the situation. The judgment of conviction is affirmed.

Chief Justice TROUT, Justices SCHROEDER, WALTERS, and Justice Pro Tem JOHNSON, CONCUR.