**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50887**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 15, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MARCO ANTONIO RAZO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order of the district court denying motion to suppress, <u>affirmed</u>; judgment of conviction for possession of controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Marco Antonio Razo appeals from his judgment of conviction for possession of a controlled substance. Razo claims the district court erred by denying his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Evans stopped Razo for an obstructed license plate. Officer Evans questioned Razo about his driver's license and Razo stated that his license was suspended. Sergeant Hay, who observed the traffic stop, assisted Officer Evans. While Officer Evans spoke with Razo, Sergeant Hay observed ammunition and a "torch" inside Razo's vehicle.

Sergeant Hay asked Razo to step out of the vehicle and asked him if he had anything dangerous or illegal on his person. Razo said no and consented to a pat-down search. Sergeant

1

Hay requested a canine officer from dispatch and asked Razo if he had any weapons in the vehicle to which Razo responded no. Sergeant Hay asked Razo if he had any recent felonies or convictions, and Razo replied that he had an upcoming sentencing hearing in a felony possession case.

Sergeant Hay asked Razo about the ammunition and torch in the vehicle and mentioned to Razo that the presence of such items could indicate methamphetamine use. At this point, Razo began excitedly arguing to Sergeant Hay that the vehicle was not his and that, during prior stops, the officers did not say anything about the ammunition. Sergeant Hay stated to Razo that he knew Razo from a prior encounter, which Razo acknowledged. Sergeant Hay then performed several preliminary field sobriety tests. In administering these tests, Sergeant Hay asked Razo, "You want to turn and face this way for me real quick? Just lean your head back and close your eyes." Razo complied, and Sergeant Hay shined his flashlight into and examined Razo's eyes. Sergeant Hay then instructed, "Okay, and then just open your mouth, stick out your tongue." Again, Razo complied. Finally, Sergeant Hay held up his finger and stated, "Just stay focused on my finger." Razo complied. Sergeant Hay confronted Razo with his observation of eyelid tremors and told him that such tremors are consistent with illegal or prescription narcotics in an individual's system. In response, Razo admitted the he used methamphetamine that day, and that there was a pipe with methamphetamine residue in his vehicle. Officer Evans then searched the vehicle and recovered the pipe.

The State charged Razo with possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c)(1), and possession of drug paraphernalia, I.C. § 37-2734A(1). Razo filed a motion to suppress, which the district court denied after a hearing. Razo entered a conditional guilty plea to possession of a controlled substance (methamphetamine), reserving his right to appeal from the district court's denial of his motion to suppress. The State dismissed the possession of paraphernalia charge. Razo appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a

2

suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Razo claims the district court erred by denying his motion to suppress. Specifically, Razo asserts Sergeant Hay did not have reasonable suspicion to search Razo's eyes; there were no exigent circumstances to justify the search of Razo's mouth and nose; and Razo did not consent to the search. The State argues that, pursuant to Idaho Criminal Rule 12(c), the lone basis for suppression properly before the district court and this Court was Sergeant Hay's examination of Razo's mouth, which was the only issue raised in Razo's written motion in the district court. The State contends that the search of Razo's mouth was lawful, and in any event, did not result in the acquisition of any incriminating evidence against Razo or lead to the subsequent search of his vehicle. Alternatively, the State asserts that the district court correctly concluded that Sergeant Hay had reasonable suspicion to conduct field sobriety tests and Razo consented to the field sobriety tests.

### A.     Idaho Criminal Rule 12(c)

As an initial matter, the State claims that the only issue properly before the district court and this Court is that which was raised in the motion filed by Razo; that Sargeant Hay's search of Razo's mouth was unlawful pursuant to *State v. Holton*, 132 Idaho 501, 975 P.2d 789 (1999), because there were no exigent circumstances to justify it. The district court acknowledged the State's argument that the scope of the suppression motion should be limited in accordance with I.C.R. 12(c) but entertained and addressed Razo's further arguments made at the suppression hearing. Idaho Criminal Rule 12(c) provides that, "a motion to suppress evidence must describe the evidence sought to be suppressed and the legal basis for its suppression sufficiently to give the opposing party reasonable notice of the issues."

The State relies on *State v. Cox*, 166 Idaho 894, 465 P.3d 1133 (Ct. App. 2020) as support for limiting the scope of the motion. There, Cox attempted to raise on appeal, as an alternative argument, that the Idaho Constitution provides greater protection than the Fourth Amendment. *Id*. at 900, 465 P.3d at 1139. However, Cox had only briefly mentioned the claim during closing

3

arguments at the suppression hearing and failed to address any of the applicable criteria for the greater protection claim. Aside from stating that Cox did not comply with I.C.R. 12(c), this Court determined that the issue was not properly raised and supported below and, thus, not preserved for appeal. *Id.* at 901, 465 P.3d at 1140. In this case, the district court expressly addressed the additional arguments made by Razo at the suppression hearing. The State has not shown that the issues are not preserved, that the district court abused its discretion in ruling on the additional issues, or that it was prejudiced in its ability to address the issues in the district court.

**B.      Reasonable Suspicion and Probable Cause**

During a traffic stop an officer may develop reasonable suspicion of other criminal activity and, based on this new reasonable suspicion, the officer may lawfully investigate that activity. *State v. Linze*, 161 Idaho 605, 609, 389 P.3d 150, 154 (2016); *State v. Renteria*, 163 Idaho 545, 550, 415 P.3d 954, 959 (Ct. App. 2018). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on behalf of the officer. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). For example, an officer may conduct field sobriety tests during a lawful traffic stop if the officer has reasonable suspicion that a person is driving while under the influence. *Id.* at 479-81, 988 P.2d at 705-07; *see State v. Buell*, 145 Idaho 54, 56, 175 P.3d 216, 218 (Ct. App. 2008). Whether an officer possessed reasonable suspicion is evaluated based on the totality of the circumstances known to the officer at or before the time of the field sobriety tests. *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Razo contends that Sergeant Hay lacked reasonable suspicion to direct him to lean back and close his eyes. The district court concluded Sergeant Hay had specific and articulable facts that, when taken together with reasonable inferences, raised reasonable suspicion that Razo was driving under the influence. These facts included Sergeant Hay's previous encounter with Razo where Sergeant Hay found Razo in possession of controlled substances about three weeks prior, Sergeant Hay's involvement in two planned controlled substance deliveries to Razo, and Sergeant Hay knew from confidential informants that Razo trafficked methamphetamine. Additionally, Sergeant Hay observed a torch and ammunition, indicative of methamphetamine use, in Razo's vehicle where Razo was the only occupant; Razo was driving on a suspended license; and Razo

4

was awaiting sentencing for felony possession. Finally, Razo became excited and argumentative when confronted about the ammunition in the vehicle, repeatedly stating that the vehicle was not his and that other officers had not commented on the ammunition during prior stops. Razo does not challenge the findings of the district court, and they are supported by substantial and competent evidence in the record. We agree with the district court that Sergeant Hays had reasonable suspicion to conduct field sobriety tests, including examination of Razo's eyes. The rapid eyelid tremors observed by Sergeant Hays (as well as the other facts) and Razo's admission to possessing a pipe with methamphetamine residue, gave Sergeant Hays probable cause to search the vehicle.

Razo separately argues that Sergeant Hay's request that Razo open his mouth and subsequent examination of his mouth and nose constituted a search. Razo contends that the *Holton* decision, and decisions from other states, indicate that police asking an individual to open their mouth is a search. He further argues that no exigent circumstances supported the warrantless search. Exigent circumstances may exist where there is a need to protect or preserve life or avoid serious injury, or where evidence may be removed or destroyed. *Holton*, 132 Idaho at 504, 975 P.2d at 792. We agree that no exigent circumstances existed. We do not agree that *Holton* holds that asking a DUI suspect to open his mouth is a search different in kind from other field sobriety tests.[1] In *Holton*, the officer asked Holton to open his mouth to look for signs of drug ingestion such as discoloration of the tongue, debris, or burns or boils on the gums or top of mouth. *Id*. at 502, 975 P.2d at 790. Instead, Holton began chewing and a struggle ensued to get Holton to spit a plastic bag containing methamphetamine out of his mouth. *Id*. It is in this context that the Court discussed the demands for Holton to open his mouth. The Court determined that Holton's argument that asking him to open his mouth amounted to a constitutional violation was misplaced and that the officers made no attempt to enforce the request until they had probable cause to believe Holton was destroying evidence. *Id*. at 504, 975 P.2d at 792.

---

[1] These tests were drawn from courses Sergeant Hay attended on "advanced roadside impaired driving enforcement," which addressed "further investigation regarding impairment, aside from the standard field sobriety tests." In *Ferreira*, the Court held that field sobriety tests, "although searches," are a reasonable and permissible component of an investigation where the officer has detained the individual on reasonable suspicion of DUI. *State v. Ferreira*, 133 Idaho 474, 482, 988 P.2d 700, 708 (Ct. App. 1999).

Nonetheless, in regard to whether Sergeant Hay's request for and examination of Razo's mouth (and nose) constituted a search, the State and Razo raise three issues: (1) the district court erred in finding that the existence of eye tremors (together with the other facts) gave Sergeant Hay probable cause to conduct the search of Razo's mouth and nose; (2) the doctrine of attenuation applies; and (3) Razo consented to the search.

Razo argues the district court's determination that Sergeant Hay's observation of Razo's rapid eyelid tremors gave probable cause to search his nose and mouth was clearly erroneous on the facts. Razo claims the video shows that Sergeant Hay was not looking for eyelid tremors until after he directed Razo to open his mouth. Sergeant Hay observed as Razo leaned back and closed his eyes. Thereafter, Sergeant Hay had Razo open his mouth and then follow his finger with his eyes. Razo appears to assume that Sergeant Hay observed eye tremors while Razo followed his finger, not when he initially leaned his head back and closed his eyes. That is not clear from the record. As a result, the district court's findings are not clearly erroneous. Razo also argues that, even with probable cause, Sergeant Hay would have needed a warrant or exigent circumstances to search his mouth and nose, and he had neither in this case. Razo cites no authority for this claim. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

The State argues that the attenuation doctrine applies regarding the search of Razo's mouth and nose and any evidence sought to be suppressed. The attenuation doctrine precludes application of the exclusionary rule where the State can show "the connection between unlawful conduct and the discovery of evidence is 'sufficiently attenuated to dissipate the taint'" of the violation. *Utah v. Strieff*, 579 U.S. 232, 240 (2016). Three factors guide the attenuation analysis: "(1) the elapsed time between the misconduct and the acquisition of the evidence, (2) the occurrence of intervening circumstances, and (3) the flagrancy and purpose of the improper law enforcement action." *State v. Page*, 140 Idaho 841, 846, 103 P.3d 454, 459 (2004).

The State argues that Sergeant Hay acquired no incriminating evidence from the mouth and nose examination. Sergeant Hay made no representation to Razo regarding his mouth and nose observations but only represented to Razo that the eye tremor observation indicated controlled substance use. It was upon that representation that Razo admitted to the existence of the pipe with methamphetamine residue, which established probable cause to search the vehicle. Therefore, the State argues that the discovery of evidence was attenuated from any illegality associated with the

mouth and nose examination. The district court found that the attenuation doctrine did not apply. However, because the district court considered Razo's broadened argument at the suppression hearing, the court only considered attenuation as to the eye tremor observation.

Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory. *State v. Diaz*, 158 Idaho 629, 636, 349 P.3d 1220, 1227 (Ct. App. 2015). We agree that attenuation applies because there is no connection between unlawful conduct and the discovery of evidence, as no evidence or admissions were discovered or obtained as a result of the mouth and nose search.

Razo has failed to show the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

Razo has failed to show that the district court erred by denying his motion to suppress. Accordingly, Razo's judgment of conviction for possession of a controlled substance (methamphetamine) is affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.